James R. WRIGHT, Administrator of the Estate of Conlisha L.
Wright, Deceased  *v.*  CENTERPOINT ENERGY RESOURCES
CORP., d/b/a Centerpoint Energy Arkansas;  Rheem
Manufacturing Co.;  and Anna Sue White,
d/b/a White Rentals

07-255                                                     276 S.W.3d 253

Supreme Court of Arkansas
Opinion delivered February 14, 2008

*Blair & Stroud*, by: *H. David Blair*, for appellant.

*Womack, Landis, Phelps, McNeill & McDaniel, P.A.*, by: *Jeffrey
W. Puryear* and *Chuck Gschwend*; *Snellgrove, Langley, Culpepper, Williams & Mullally*, by: *Michael Mullally*; and *McNabb, Bragorgos & Burgess*,
by: *Richard E. Sorin*, for appellees.

TOM GLAZE, Justice. The primary issue in this appeal involves the interpretation of two venue statutes, Ark Code
Ann. § 16-60-112(a) (Repl. 2005) and Ark. Code Ann. § 16-55-213
(Repl. 2005), and whether they are in conflict.

Section 16-60-112(a) was first enacted in 1939 and fixed
venue in a wrongful-death action (1) in the county where an

accident occurred that caused the injury or death, or (2) in the county where the person injured or killed resided at the time of the injury. In § 16-55-213(a), a part of the Civil Justice Reform Act of 2003, the General Assembly provided that, except for six specified venue statutes,[1] "all civil actions" must be brought in *any* of the following counties:

> (1) the county in which a substantial part of the events or omission giving rise to the claim occurred;

> (2)(A) the county in which an individual defendant resided;

> . . . .

> (3)(A) the county in which the plaintiff resided.[2]

(Emphasis added.)

This litigation arose after Conlisha Wright was found dead in her Jonesboro apartment on January 22, 2004; emergency personnel determined that she had died as the result of carbon monoxide poisoning. Conlisha's two children were also found unconscious but alive. Conlisha's estate was subsequently opened pursuant to Ark. Code Ann. § 28-40-102 (Repl. 2004) in Craighead County, where she had resided prior to her death. Appellant James Wright, Conlisha's ex-husband, was appointed personal representative of the estate.

James then filed a wrongful-death lawsuit against defendants Anna Sue White, d/b/a White Rentals, Rheem Manufacturing Company, and Centerpoint Energy Arkansas (hereafter, collectively "Centerpoint").[3] James filed his complaint in Crittenden County under § 16-55-213(a)(3)(A), claiming that, as personal representative of Conlisha's estate, he was a plaintiff who resided in Crittenden County at the time of Conlisha's injury. Centerpoint

---

[1] The six statutes are Ark. Code Ann. §§ 16-60-101 to -103, 16-60-107, 16-60-114, and 16-60-115, and subsection (e) of § 16-55-213. Notably, § 16-60-112(a) is not one of the six excepted statutes.

[2] Subsection (2)(B) and (3)(B) are omitted because they pertain to actions involving "an entity other than an individual"; these provisions are not at issue in this matter.

[3] White Rentals rented Conlisha an apartment equipped with a gas heater manufactured by Rheem Manufacturing, and Centerpoint Energy provided the natural gas utility.

disagreed and argued that § 16-60-112(a) controlled and required James to file his wrongful-death suit in Craighead County. The trial judge ruled in Centerpoint's favor and dismissed James's suit without prejudice.

As James correctly points out, this appeal turns on the question of whether venue is controlled by § 16-55-213 or § 16-60-112. In making this decision, we consider basic rules of statutory construction to determine which statute gives full effect to the General Assembly's intent when it enacted § 16-55-213 in 2003. *See McMickle v. Griffin*, 369 Ark. 318, 254 S.W.3d 729 (2007) (the basic rule of statutory construction is to give effect to the intent of the General Assembly); *Quinney v. Pittman*, 320 Ark. 177, 895 S.W.2d 538 (1995) (it is this court's fundamental duty to give effect to the legislative purpose set by the venue statutes).

James argues that the two statutes are in conflict, but he primarily contends that § 16-55-213, being the later enactment, *impliedly* repealed § 16-60-112, the earlier venue statute. James further submits that § 16-55-213 is a comprehensive law that established venue in *"all* civil actions" other than the six venue statutes that were expressly excepted, and § 16-60-112 is not specifically excepted. Citing *Babb v. City of El Dorado*, 170 Ark 10, 278 S.W. 649 (1926), James acknowledges the universal principle that the repeal of a law merely by implication is not favored and will not be allowed unless the implication is clear and irresistible. However, James points to other language in the *Babb* case, wherein this court quoted the United States Supreme Court for the statement that, "even where two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions plainly showing that it was intended as a substitute toward the first act, it will operate as a repeal of that act." *Babb*, 170 Ark. at 14, 278 S.W. at 650 (quoting *United States v. Tynen*, 78 U.S. 88, 11 Wall. 88 (1870)). *See also McMickle v. Griffin, supra.*

From the foregoing, James asks us to accept his interpretation of § 16-55-213 that the 2003 venue statute takes up anew and covers the entire ground of venue in civil actions. He concludes that this is evident when the plain language of the more recent statute is read and given its ordinary meaning. To further support his argument, Wright argues that, where § 16-55-213(a) provides wording such as *"all* civil actions," the legislature clearly intended

the statute to fix venue in a wrongful-death action, as the wrongful-death venue statute is not excepted by the § 16-55-213(a).

In addition, Wright further submits that, even if the rules of statutory construction are used in this case,[4] the result would be the same, because the clear language of § 16-55-213 provides no suggestion that it does not govern wrongful-death actions arising out of deaths occurring after its enactment. He concludes that "not one word, punctuation mark, or nuance in or from the statutory language . . . even hints otherwise."

However, our reading and analysis of § 16-55-213 convinces us that its language is not as clear as Wright would have it. As previously stated, repeal by implication is not favored and is never allowed except when there is such an invincible repugnancy between the provisions that both cannot stand. *See McMickle v. Griffin, supra.* Thus, for Wright to succeed in this matter, and for this court to conclude that § 16-55-213 impliedly repealed § 16-60-112, the repugnancy between the statutes must be abundantly clear, for even seemingly conflicting statutes should be read in a harmonious manner where possible. *See Great Lakes Chem. Corp. v. Bruner,* 368 Ark. 74, 243 S.W.3d 285 (2006). In addition, this court will not give statutes a literal interpretation if it leads to absurd consequences that are contrary to legislative intent. *See Burford Distrib., Inc. v. Starr,* 341 Ark. 914, 20 S.W.3d 363 (2000).

As noted above, James filed this wrongful-death action in Crittenden County, claiming that he could bring this lawsuit in the county in which he, as the plaintiff, resides under § 16-55-213(a)(3)(A). We find this to be a rather strained interpretation of the plain language of the statute, which clearly employs the word "*resided*" in a past-tense reference. In reviewing the statute as a whole, there are only three counties where a wrongful-death action can be brought: (1) where a substantial part of the events or omission giving rise to the claim *occurred,* (2) where an individual defendant *resided,* and (3) where the plaintiff *resided. See* § 16-55-213(a)(1), (a)(2)(A), & (a)(3)(A) (emphasis added). Given the past-tense language in subsection (a)(1) referring to the county "in which a substantial part of the events or omissions giving rise to the

---

[4] We note that, in certain instances, Wright argues that there is no need to resort to rules of statutory construction, yet at other times, he refers to fundamental statutory rules of construction in an attempt to fortify his position.

claim *occurred*," we similarly construe the General Assembly's use of the past tense in subsections (a)(2)(A) and (a)(3)(A) to mean that venue is fixed where the plaintiff or defendant *resided at the time of the events giving rise to the cause of action. Compare Quinney v. Pittman*, 320 Ark. at 185, 895 S.W.2d at 542 (noting that, where the venue statute provides that an action for fraud could be brought in the county "where any one plaintiff resides," the use of the present tense "indicates residency *at the time the suit is filed*") (emphasis added).

At the time Conlisha died, she resided in Craighead County, and James resided in Crittenden County. Thus, at the time of the events giving rise to the cause of action, the only person who *resided* in Craighead County was Conlisha.[5] Her estate was not opened until after she died and James was appointed personal representative of her estate, and even those events took place in Craighead County. Thus, in this context, we conclude that venue was where Conlisha resided at the time the events giving rise to the claim occurred — Craighead County.

The "primary purpose of venue statutes is to provide a convenient, logical, and orderly forum for the resolution of disputes." 92A C.J.S. *Venue* § 6 (2000); *see, e.g., Atkins Pickle Co. v. Burrough-Uerling-Brasuell Consulting Eng'rs, Inc.*, 275 Ark. 135, 628 S.W.2d 9 (1982). Our construction of § 16-55-213 and § 16-60-112 not only harmonizes both statutes, as we must do if at all possible, *see Great Lakes Chemical Corp., supra*, but it avoids the disfavored result of repeal by implication and also provides a logical forum for the resolution of this particular dispute.

Affirmed.

---

[5] We also point out that the wrongful-death statute affords a cause of action "[w]henever the death of a person … shall be caused by a wrongful act, … *and the act … is such as would have entitled the party injured to maintain an action and recover damages in respect thereof if death had not ensued*[.]" Ark. Code Ann. § 16-62-102(a)(1) (Repl. 2005) (emphasis added).

We note that the parties argue about whether James was a real party in interest. Our wrongful-death statute, Ark. Code Ann. § 16-62-102(b) (Repl. 2005) provides that such actions "shall be brought by and in the name of the personal representative of the deceased person." *See also Rhuland v. Fahr*, 356 Ark. 382, 155 S.W.3d 2 (2004); Ark. R. Civ. P. 17(a). James is clearly the administrator of Conlisha's estate. However, because we have determined that venue is fixed at the time of the events giving rise to the cause of action, James's subsequent appointment as administrator is immaterial.