Ray DOTSON d/b/a Ozark Mountain Carriages and
d/b/a Ozark Carriages *v.* CITY of LOWELL,
a Municipal Corporation

08-240 289 S.W.3d 55

Supreme Court of Arkansas
Opinion delivered November 13, 2008

*Watson Law Firm*, by: *K. Adell Ralston*, for appellant.

*Harrington, Miller, Neihouse & Kieklak, P.A.*, by: *Thomas N. Kieklak*, for appellees.

R OBERT L. BROWN, Justice. Appellant Ray Dotson, a resident of Washington County, appeals from the Benton County circuit judge's November 2, 2007 order dismissing Dotson's amended counterclaim and granting the petition for replevin of the appellee, the City of Lowell, an Arkansas municipal corporation and a city of the first class, which exists entirely within Benton County. Dotson asserts three points on appeal. We affirm.

On October 5, 2004, the City of Lowell's city council passed an ordinance authorizing then-mayor Phil Biggers to purchase a stagecoach from Dotson for $16,500. The stagecoach was intended to serve as a symbol of the City of Lowell's history, and it was anticipated that the stagecoach would be used at events to promote the city. This transaction was consummated on October 20, 2004. In February of 2006, the City of Lowell contacted Dotson for help in refurbishing the stagecoach. Dotson arranged for the stagecoach to be repaired by Lantham Coach Works in Tipton, Missouri. The City of Lowell tendered four checks to Dotson totaling $10,000 in connection with these services. Upon return from Missouri, the stagecoach remained with Dotson.

On May 23, 2007, the City of Lowell made a written demand on Dotson to return the stagecoach. On that same date, Dotson presented the City of Lowell with an itemized list of expenses associated with the stagecoach totaling $28,248, but he did not return the stagecoach. On June 1, 2007, Dotson claimed that on December 11, 2006, he had entered into an enforceable contract with then-mayor Biggers whereby he had the right to keep the stagecoach. This document, entitled Memorandum of Understanding, stated that in return for Dotson's prior assistance in procuring, refurbishing, and storing the stagecoach, Dotson would

be entitled to use the stagecoach in his private business. Dotson demanded that the City of Lowell comply with the agreement contained in the Memorandum of Understanding.

On June 15, 2007, the City of Lowell filed a complaint and petition for replevin in the Benton County Circuit Court, seeking the return of the stagecoach from Dotson. Dotson next filed a motion to dismiss in which he claimed that venue was improper in Benton County under Arkansas Code Annotated section 16-60-116(a), which requires that an action be brought in the county in which the defendant resides. The City of Lowell filed a response in which it alleged that section 16-60-116(a) had been superseded by Act 649 of 2003, now codified at Arkansas Code Annotated section 16-55-213(a) (Repl. 2005), which allows an action to be brought in the county in which the plaintiff resided. In an order dated June 22, 2007, the circuit judge ruled that venue was proper in Benton County under section 16-55-213(a).

Dotson then filed an answer and a counterclaim against the City of Lowell for breach of contract and unjust enrichment. The City of Lowell moved to dismiss Dotson's counterclaim and alleged the affirmative defenses of illegality and statute of frauds. In an order dated November 2, 2007, the circuit judge held that the Memorandum of Understanding was void for illegality because it allowed Dotson to use property purchased with public funds for his private benefit in violation of article 12, section 5, and article 16, section 13, of the Arkansas Constitution and Arkansas common law, and that, even if the memorandum of understanding was not void for illegality, it would be unenforceable under the statute of frauds because it lacked a reasonable description of the lease term. The circuit judge dismissed Dotson's counterclaim for failure to state a claim upon which relief could be granted and ordered him to return the stagecoach to the City of Lowell.

### I. Improper venue

For his first point on appeal, Dotson claims that the circuit judge erred in ruling that venue was proper in Benton County under Arkansas Code Annotated section 16-55-213(a), which allows civil actions to be brought in the county in which the plaintiff resided at the time of the events giving rise to the claim. Dotson urges that Arkansas Code Annotated section 16-60-116(a), which is a general venue statute and provides that actions must be brought in the county in which the defendant resides, was the controlling venue statute and, thus, Washington County was the

proper venue. The City of Lowell counters that venue was proper in Benton County because the newer general venue statute, section 16-55-213(a), repealed by implication section 16-60-116(a).

We turn then to an analysis of section 16-55-213(a) and section 16-60-116(a). This is a matter of statutory construction, which this court reviews de novo. *See McMickle v. Griffin*, 369 Ark. 318, 254 S.W.3d 729 (2007). The General Assembly is vested with the power to establish venue under the Arkansas Constitution. Ark. Const. amend. 80, § 10. It is this court's fundamental duty, as well as a basic rule of statutory construction, to give effect to the legislative purpose set by the venue statutes. *See Quinney v. Pittman*, 320 Ark. 177, 895 S.W.2d 538 (1995).

Since 1838, the General Assembly has provided that, in the absence of a statutory exception, the basic rule of venue is that a defendant must be sued in the county where he or she resides or is summoned. *See id.* To that end, Arkansas Code Annotated section 16-60-116(a) provides that "every other action may be brought in any county in which the defendant or one (1) of several defendants resides or is summoned." Nevertheless, in 2003, the General Assembly enacted Act 649 of 2003, the "Civil Justice Reform Act." Although the act primarily focused on tort reform, Act 649 contained the following venue provision now codified at Arkansas Code Annotated section 16-55-213(a):

> (a) *All civil actions* other than those mentioned in §§ 16-60-101 —16-60-103, 16-60-107, 16-60-114, and 16-60-115, and subsection (e) of this section must be brought in any of the following counties:
>
> (1) The county in which a substantial part of the events or omissions giving rise to the claim occurred;
>
> (2)(A) The county in which an individual defendant resided.
>
> (B) If the defendant is an entity other than an individual, the county where the entity had its principal office in this state at the time of the accrual of the cause of action; or
>
> (3)(A) The county in which the plaintiff resided.
>
> (B) If the plaintiff is an entity other than an individual, the county where the plaintiff had its principal office in this state at the time of the accrual of the cause of action.

Ark. Code Ann. § 16-55-213(a) (Repl. 2005) (emphasis added).

 The City of Lowell contends that venue was proper in Benton County because Arkansas Code Annotated section 16-55-213(a) repeals by implication Arkansas Code Annotated section 16-60-116(a). Repeals by implication, however, are not favored, and this court will make every effort to read seemingly conflicting statutes in a harmonious manner if possible. *Griffin*, 369 Ark. at 325, 254 S.W.3d at 737; *Great Lake Chem. Corp. v. Bruner*, 368 Ark. 74, 243 S.W.3d 285 (2006). Repeal by implication is recognized in two situations: (1) where the provisions of two statutes are in irreconcilable conflict with each other; and (2) where the legislature takes up the whole subject anew and covers the entire ground of the subject matter of a former statute and evidently intends the latter statute as a substitute. *Uilkie v. State*, 309 Ark. 48, 827 S.W.2d 131 (1992).

Recently, in *Wright v. Centerpoint Energy Resources Corp.*, 372 Ark. 330, 276 S.W.3d 253 (2008), this court was asked to determine whether the new statute, section 16-55-213(a), repealed by implication section 16-60-112(a), which specifically provides that personal injury and wrongful-death actions shall be brought in the county where the accident occurred, or in the county where the person injured or killed resided at the time of the accident. The appellant in *Wright* was the personal representative of the estate of the deceased, who had died from carbon monoxide poisoning in her apartment in Craighead County. Although the deceased had resided in Craighead County at the time of her death and the accident had occurred in Craighead County, the appellant elected to file a wrongful-death action in his county of residence, Crittenden County, arguing that venue was proper in the county in which he, as the plaintiff, resided under section 16-55-213(a). The appellant argued that section 16-60-112(a) was in conflict with section 16-55-213(a) and, thus, had been repealed by implication.

This court disagreed, however, finding that the two statutes could be harmonized. In reviewing, section 16-55-213(a) as a whole, this court determined that a wrongful-death action could be brought in only three counties: (1) the county where a substantial part of the events or omissions giving rise to the claim *occurred*; (2) where an individual defendant *resided*; and (3) where the plaintiff *resided*. *See Wright, supra* (emphasis added). This court determined that the use of the past tense in the subsections of

section 16-55-213(a) showed that the General Assembly intended for venue to be fixed "where the plaintiff or defendant *resided at the time of the events giving rise to the cause of action*." *Id*. (emphasis in original). Accordingly, venue was fixed, under both statutes, at the time of the events giving rise to the claim — here, the time of injury or death — thereby precluding the appellant, who was appointed personal representative of the decedent's estate after the accident, from being a "plaintiff" under section 16-55-213(a).

The City of Lowell insists that *Wright* is distinguishable here. We agree. First, the City of Lowell asserts that the statute at issue here, section 16-60-116(a), is like section 16-55-213(a), in that both are general default venue statutes that apply only when other specific venue statutes do not, while the statute at issue in *Wright*, section 16-60-112(a), was a specific venue statute applicable only to personal injury and wrongful-death actions. Second, the City of Lowell notes that in *Wright*, both statutes used the past tense in fixing venue, whereas here the newer statute, section 16-55-213(a), fixes venue at the time the cause of action arose and uses the past tense, while the older statute, section 16-60-116(a), fixes venue as defendant's residence at the time the suit is filed, as evidenced by the legislature's use of the present tense "resides."

We conclude that section 16-55-213(a) repeals by implication section 16-60-116(a). First, the two statutes are in irreconcilable conflict with each other. Section 16-55-213(a) provides that *all civil actions*, excluding a few statutory exceptions, must be brought in one of three counties: (1) the county in which a substantial part of the events or omissions giving rise to the claim occurred; (2) the county in which an individual defendant resided; or (3) the county in which the plaintiff resided. Additionally, the use of the past tense in these subsections evidences the fact that the General Assembly intended for venue to be fixed at the time of the events giving rise to the claim. *See Wright, supra*. The older statute, section 16-60-116(a), on the other hand, provides that venue is proper in any county where the defendant "resides," which means that the General Assembly intended for venue to be fixed at the time the suit is filed. *See Quinney*, 320 Ark. at 185, 895 S.W.2d at 542. Therein lies the conflict. Section 16-60-116(a) provides for a venue — a county where a defendant resides at the time the lawsuit is filed — that is not permitted under section 16-55-213(a).

In sum, we are persuaded of this conflict by the fact that the new general default venue statute expressly fixes venue for "[a]ll civil actions," with certain noted statutory exceptions. It also fixes

venue at the time the events giving rise to the cause of action occurred, while the existing general default venue provision fixes venue at the time the cause of action is filed. Both points are evidence of the General Assembly's intent to adopt a new general venue scheme as a substitute for section 16-60-116(a). David Newbern and John Watkins have noted the conflict between these provisions in their Arkansas Practice Series on Civil Practice and Procedure:

> Act 649 seems to fall into both categories [of repeal by implication]. First, Ark. Code Ann. § 16-55-213(a) establishes a new general rule for venue quite different from the former rule set forth in Ark. Code Ann. § 16-60-116(a), thereby creating an irreconcilable conflict. Second, the plain language of § 16-55-213(a) — i.e., that "[a]ll civil actions," with certain exceptions, "must be brought in the following counties" — demonstrates the General Assembly's intent to adopt a new venue scheme as a substitute for the old.

Newbern & Watkins, 2 Arkansas Practice Series, Civil Practice and Procedure § 9:1 n.8 (4th ed.). We affirm the circuit judge on this point.

## II. Illegality

For his next point, Dotson asserts that the circuit judge erred in finding that his counterclaim failed to state a claim upon which relief could be granted due to the illegality of the alleged agreement. Dotson contends that the City of Lowell lacked standing to bring an illegal exaction claim and also that there can be no illegal exaction where there is a mutual benefit to the parties.

In arguing this point, the parties disagree over the applicability of article 16, section 13, of the Arkansas Constitution dealing with illegal exactions and article 12, section 5, which prohibits lending public money to individuals. The parties also disagree over whether the public-purpose doctrine controls the issue under our common law. *See, e.g., Chandler v. Bd. of Trs. of Teacher Ret. Sys.,* 236 Ark. 256, 365 S.W.2d 447 (1963). We decline to resolve this issue by an interpretation of the Arkansas Constitution or the public-purpose doctrine. This court has made it clear that we will not address a constitutional question if we can resolve the case without doing so. *Herman Wilson Lumber Co. v. Hughes,* 245 Ark. 168, 431 S.W.2d 487 (1968).

We turn, rather, to Arkansas law and specifically to the powers of municipalities set out in the Arkansas Code:

(a) Municipal corporations are empowered and authorized to sell, convey, lease, rent, or let any real estate or personal property owned or controlled by the municipal corporations. This power and authorization shall extend and apply to all such real estate and personal property, including that which is held by the municipal corporation for public or governmental uses and purposes.

. . . .

(c) The execution of all contracts and conveyances and lease contracts shall be performed by the mayor and city clerk or recorded, when authorized by a resolution, in writing, approved by a majority vote of the city council present and participating.

Ark. Code Ann. § 14-54-302(a), (c) (Repl. 1998).

The record in this case is devoid of any resolution by the City of Lowell's city council authorizing Dotson's private usage of the stagecoach under the alleged Memorandum of Understanding. We conclude, therefore, that illegality is readily established by the fact that private use of the stagecoach by Dotson was never sanctioned by resolution of the City of Lowell city council, as required by section 14-54-302(c). This noncompliance was noted by the circuit judge in his order in which he said: "No written resolution has been alleged to have been approved by a majority vote of the Lowell City Council. Accordingly, section (a) A.C.A. § 14-54-302 is inapplicable to the facts before this Court."

Although the circuit judge did not address the effect of the City of Lowell's noncompliance with section 14-54-302(c) as the basis for his finding that the alleged contract was illegal, it is axiomatic that this court can affirm a circuit court if the right result is reached even if for a different reason. *See, e.g., Alphin v. Alphin,* 364 Ark. 332, 219 S.W.3d 160 (2005). We hold that the absence of the city council's resolution is fatal to the validity and viability of the alleged Memorandum of Understanding.[1]

For this reason, we affirm the circuit judge's dismissal of Dotson's counterclaim and his order for the return of the stagecoach to the City of Lowell. Because we decide this case as we do,

---

[1] Subsequent ratification of the alleged agreement by the City of Lowell's city council was not argued before the circuit judge or on appeal. *See, e.g., Day v. City of Malvern,* 195 Ark. 804, 114 S.W.2d 459 (1938). Accordingly, we do not address it.

it is unnecessary for us to address the remaining issues raised by the parties. We further decline to address Dotson's argument raised in his brief on appeal that Arkansas Code Annotated section 14-58-303(a) applies, as no ruling on this point was made by the circuit judge. It is well settled that issues not ruled on by the trial judge will not be considered on appeal. *See, e.g., Ghegan & Ghegan, Inc. v. Barclay*, 345 Ark. 514, 49 S.W.3d 652 (2001).

Affirmed.