
SLIP OPINION

Cite as 2013 Ark. App. 621

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–13–104

| | |
|---|---|
| HURT-HOOVER INVESTMENTS, LLC<br><br>APPELLANT<br><br>V.<br><br><br>LESTER FULMER, ROB BENTLEY, ROBERT BEST, AND CARL CHILSON<br><br><br><br>APPELLEES | Opinion Delivered October 30, 2013<br><br>APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT [NO. CV-09-140-4]<br><br>HONORABLE TIMOTHY M. WEAVER, JUDGE<br><br>REBRIEFING ORDERED |

## PHILLIP T. WHITEAKER, Judge

Appellant Hurt-Hoover Investments, LLC, appeals from a jury verdict rendered in favor of appellees Lester Fulmer, Rob Bentley, Robert Best, and Carl Chilson. Because of deficiencies in Hurt-Hoover's abstract and addendum, we order rebriefing.

The appellees entered into an agreement with Hurt-Hoover for Hurt-Hoover to purchase the appellees' ownership interests in H2O Lifts and Ramps, LLC. The contract called for Hurt-Hoover to pay $955,000 for H2O, with an initial installment of $400,000 paid in cash. Hurt-Hoover agreed to enter into four separate promissory notes with the appellees for the balance. While Hurt-Hoover paid the initial $400,000, it failed to pay the

installments due under the promissory notes. The appellees then sued Hurt-Hoover in Cleburne County Circuit Court for breach of contract.

Hurt-Hoover answered and moved to dismiss for improper venue. The motion alleged that venue was proper in Craighead County, the location of the principal place of business, under Arkansas Code Annotated section 16-60-111. After a hearing on the venue question, the circuit court denied Hurt-Hoover's motion, finding that Arkansas Code Annotated section 16-55-213 repealed section 16-60-111 by implication.

The appellees subsequently moved for summary judgment. The circuit court denied the motion, finding that there were genuine issues of material fact concerning the meaning of an indemnification clause in the Purchase and Sale Agreement. Following the court's denial of the motion for summary judgment, counsel for Hurt-Hoover filed a motion to withdraw as counsel so that the attorney who drafted the agreement, Robert Jones, could offer testimony about the meaning of that contractual provision. Three days later, Hurt-Hoover also filed a motion for continuance, asking that the jury trial be scheduled for a later date to allow sufficient time for Hurt-Hoover to retain new counsel and for new counsel to have adequate time to prepare for trial. The court denied both the motion to withdraw and the motion for continuance.

The matter proceeded to jury trial, and a Cleburne County jury found in favor of the appellees. Following entry of the judgment, Hurt-Hoover filed a timely notice of appeal. We are unable to reach the merits of Hurt-Hoover's appeal at this time because of deficiencies in its abstract and addendum.

Arkansas Supreme Court Rule 4–2(a)(8)(A)(i) clearly states that "[t]he addendum *must* include the following documents: . . . in a case where there was a jury trial, the jury's verdict forms." (Emphasis added.) Hurt-Hoover's addendum fails to include the jury's verdict forms. For that reason, rebriefing must be ordered. *See Bunn Builders, Inc. v. Womack*, 2011 Ark. 132; *Safeco Ins. Co. v. S. Farm Bureau Cas. Ins. Co.*, 2013 Ark. App. 552.

In addition, both Hurt-Hoover's motion for summary judgment and the appellees' response to that motion were accompanied by exhibits that included transcripts of the deposition testimony of various parties to the case. In these depositions, the parties discuss the meaning of the indemnification clause, which was the clause that the circuit court found to be ambiguous and the clause about which Hurt-Hoover wanted its attorney to testify. None of these depositions were abstracted, as required by Rule 4–2(a)(5)(A) ("All material parts of all hearing transcripts, trial transcripts, and *deposition transcripts must be abstracted, even if they are an exhibit to a motion* or other paper."). (Emphasis added.)

To correct these deficiencies, we order counsel to file a substituted abstract, brief, and addendum within fifteen days. *See* Ark. Sup. Ct. R. 4–2(b)(3). We further encourage counsel to review Rule 4–2 in its entirety as it relates to the abstract and addendum to ensure that no additional deficiencies are present.

Rebriefing ordered.

HARRISON and GRUBER, JJ., agree.

*Waddell, Cole & Jones, P.A.*, by: *Shane Baker* and *Justin E. Parkey*, for appellant.

*Richard Mays Law Firm, PLLC*, by: *Richard H. Mays*, for appellees.