

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-104

| | |
|---|---|
| HURT-HOOVER INVESTMENTS, LLC<br><br>APPELLANT<br><br>V.<br><br><br>LESTER FULMER, ROB BENTLEY, ROBERT BEST, and CARL CHILSON<br>APPELLEES | **Opinion Delivered** March 19, 2014<br><br>APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT<br>[NO. CV-09-140-4]<br><br>HONORABLE TIM WEAVER, JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant, Hurt-Hoover Investments, LLC, appeals a Cleburne County jury verdict in favor of the appellees, Lester Fulmer, Rob Bentley, Robert Best, and Carl Chilson.[1] Hurt-Hoover raises two arguments on appeal: 1) the circuit court erred in denying Hurt-Hoover's motion to dismiss for improper venue; and 2) the circuit court erred in refusing to allow the drafting attorney to testify about an ambiguity in the parties' contract. We affirm.

The appellees entered into a "Purchase and Sale Agreement" with Hurt-Hoover by which Hurt-Hoover agreed to purchase the appellees' ownership interests in H2O Lifts and

---

[1]Following entry of the judgment, Hurt-Hoover filed a timely notice of appeal. This court previously ordered rebriefing because Hurt-Hoover failed to include the jury-verdict forms in its addendum and had improperly included transcripts of several depositions in its addendum instead of abstracts as required by Ark. Sup. Ct. R. 4–2(a)(5)(A). *Hurt-Hoover Investments, LLC v. Fulmer*, 2013 Ark. App. 621. Hurt-Hoover has corrected these deficiencies.

Ramps, LLC. The contract called for Hurt-Hoover to pay $955,000 for H2O, with an initial installment of $400,000 paid in cash. Hurt-Hoover agreed to enter into separate promissory notes with each of the four appellees for the balance. Although Hurt-Hoover paid the initial $400,000, it failed to pay the installments due under the promissory notes. The appellees then sued Hurt-Hoover in the Cleburne County Circuit Court for breach of contract.

Hurt-Hoover answered and moved to dismiss for improper venue, alleging that, under Arkansas Code Annotated section 16-60-111 (Repl. 2005), venue was proper in Craighead County, the county of its principal place of business. The circuit court denied Hurt-Hoover's motion, finding that Arkansas Code Annotated section 16-55-213 (Repl. 2005) repealed section 16-60-111 by implication and that venue was therefore proper in Cleburne County, where the individual appellees resided.

The appellees subsequently moved for summary judgment. The circuit court denied the motion, finding that there were genuine issues of material fact concerning the meaning of Paragraph 6.01, an indemnification clause in the "Purchase and Sale Agreement." Following the court's denial of the motion for summary judgment, the law firm for Hurt-Hoover filed a motion to withdraw as counsel so that the attorney who had drafted the agreement, Robert Jones, could offer testimony about the meaning of that particular contractual provision. Three days later, Hurt-Hoover also filed a motion for continuance, asking that the jury trial be scheduled for a later date to allow sufficient time for Hurt-Hoover to retain new counsel and for new counsel to have adequate time to prepare for trial.

SLIP OPINION

The court denied both the motion to withdraw and the motion for continuance. The matter proceeded to jury trial, and a Cleburne County jury found in favor of the appellees.

On appeal to this court, Hurt-Hoover first contends that the circuit court erred in denying its motion to dismiss based on improper venue. Whether venue is appropriate in a particular county is a matter of law. *Lawrence v. Sullivan*, 90 Ark. App. 206, 205 S.W.3d 168 (2005); *Two Bros. Farm, Inc. v. Riceland Foods, Inc.*, 57 Ark. App. 25, 940 S.W.2d 889 (1997). The question in this case presents a matter of statutory construction, which we review de novo. *Dotson v. City of Lowell*, 375 Ark. 89, 289 S.W.3d 55 (2008); *McMickle v. Griffin*, 369 Ark. 318, 254 S.W.3d 729 (2007). The General Assembly is vested with the power to establish venue under the Arkansas Constitution. Ark. Const. amend. 80, § 10. It is the appellate court's fundamental duty, as well as a basic rule of statutory construction, to give effect to the legislative purpose set by the venue statutes. *Dotson*, *supra* (citing *Quinney v. Pittman*, 320 Ark. 177, 895 S.W.2d 538 (1995)).

Hurt-Hoover asserts that Arkansas Code Annotated section 16–60–111(a)(1) governs venue in this proceeding and that the circuit court thus erred in finding that venue was proper in Cleburne County pursuant to Arkansas Code Annotated section 16–55–213(a). Hurt-Hoover maintains, as it did below, that section 16–55–213(a) did not repeal section 16–60–111(a)(1) by implication.

Section 16–60–111(a)(1) provides that "[a]n action on a debt, account, or note, or for goods or services *may be* brought in the county where the defendant resided at the time the cause of action arose." Ark. Code Ann. § 16–60–111(a)(1) (emphasis added). Section 16–55–

213, on the other hand, was enacted as part of the Civil Justice Reform Act of 2003. That

venue statute provides, in pertinent part, as follows:

> (a) *All civil actions* other than those mentioned in §§ 16-60-101–16-60-103, 16-60-107, 16-60-114, and 16-60-115, and subsection (e) of this section *must be brought* in any of the following counties:
>
> (1) The county in which a substantial part of the events or omissions giving rise to the claim occurred;
>
> (2)(A) The county in which an individual defendant resided.
>
> (B) If the defendant is an entity other than an individual, the county where the entity had its principal office in this state at the time of the accrual of the cause of action; or
>
> (3)(A) The county in which the plaintiff resided.
>
> (B) If the plaintiff is an entity other than an individual, the county where the plaintiff had its principal office in this state at the time of the accrual of the cause of action.

Ark. Code Ann. § 16-55-213(a) (emphasis added). The supreme court has held that, in

enacting this statute, "[t]he general assembly has thus given litigants the choice of venue."

*Farm Bureau Mut. Ins. Co. of Ark., Inc. v. Gadbury-Swift*, 2010 Ark. 6, 362 S.W.3d 291.

Hurt-Hoover argues on appeal that section 16-55-213(a) did not repeal section 16-

60-111(a)(1) by implication. Repeal by implication, as the supreme court has frequently

stated, is not favored, and the appellate courts will make every effort to read seemingly

conflicting statutes in a harmonious manner if possible. *McMickle*, 369 Ark. at 325, 254

S.W.3d at 737; *Great Lakes Chem. Corp. v. Bruner*, 368 Ark. 74, 243 S.W.3d 285 (2006).

Repeal by implication is recognized in two situations, however, which will be discussed in

more detail herein.

4

SLIP OPINION

First, repeal by implication can occur when the provisions of two statutes are in irreconcilable conflict with each other. *See Uilkie v. State*, 309 Ark. 48, 827 S.W.2d 131 (1992). In *Dotson*, *supra*, the supreme court found irreconcilable conflict between section 16-55-213 and section 16-60-116(a). The court held that section 16-60-116(a), the older of the two statutes, provided for venue in a county where a defendant lives at the time the suit is filed. The court further found that section 16-55-213, the newer of the two statutes, fixes venue at the time of the accrual of the cause of action in one of three counties: 1) the county in which a substantial part of the events or omissions giving rise to the claim occurred; 2) the county in which an individual defendant resided; or 3) the county in which the plaintiff resided. The court then stated:

> In sum, we are persuaded of this conflict by the fact that the new general default venue statute expressly fixes venue for "[a]ll civil actions," with certain noted statutory exceptions. It also fixes venue at the time the events giving rise to the cause of action occurred, while the existing general default venue provision fixes venue at the time the cause of action is filed. Both points are evidence of the General Assembly's intent to adopt a new general venue scheme as a substitute for section 16-60-116(a).

*Dotson*, 375 Ark. at 94–95, 289 S.W.3d at 59–60. In the present case, it is the newer statute that allows venue to exist in counties where the older statute does not: the county where the plaintiff resided or the county where the events giving rise to the claim occurred. We therefore conclude that this creates an irreconcilable conflict.

Second, repeal by implication can also occur when the legislature takes up the whole subject anew and covers the entire ground of the subject matter of a former statute and evidently intends the latter statute as a substitute. *See Uilkie*, *supra*. "Repeal by implication

is not favored, but Act 649 [the Civil Justice Reform Act] appears to have had that effect on a number of core venue statutes in Title 16, Chapter 60 of the Arkansas Code." Newbern & Watkins, 2 *Ark. Civil Practice & Procedure*, § 9:1 (5th ed.). In a footnote accompanying this quote, Newbern and Watkins list section 16-60-111 as among the "apparent victims" of section 16-55-213. *Id*. at n.10.[2] We agree. Here, as in *Dotson*, we determine that section 16-55-213 took up the entire subject matter of venue anew and was intended as a substitute for the former statute. Accordingly, we affirm the circuit court's decision on this issue.

In its second point on appeal, Hurt-Hoover contends that the circuit court erred in refusing to allow the attorney who drafted the contract between Hurt-Hoover and the appellees to testify about the meaning of Paragraph 6.01, an indemnification provision in the contract. The court found that the language of Paragraph 6.01 created an issue of fact for the jury as to the parties' agreement on indemnification. Based on this ruling, Hurt-Hoover took the position that Paragraph 6.01 was an ambiguous contract provision. Hurt-Hoover's attorney subsequently filed a motion to withdraw as counsel so that he could offer testimony about the meaning of the ambiguous contractual provision. Hurt-Hoover also filed a motion for continuance, seeking additional time to find new trial counsel in the event the court granted the motion to withdraw. The circuit court denied the motion to withdraw and

---

[2]In this same footnote, Watkins and Newbern suggest that "one could argue that there is life" in section 16-60-111, because the General Assembly amended the statute in 2007. *Id*. Hurt-Hoover makes this same contention; however, this argument was not raised before the circuit court, and we will not consider arguments raised for the first time on appeal. *Bank of the Ozarks, Inc. v. Walker*, 2013 Ark. App. 517. Moreover, Hurt-Hoover cites no convincing authority in support of its argument; we therefore decline to address it for that reason as well. *Stilley v. Ft. Smith Sch. Dist.*, 367 Ark. 193, 238 S.W.3d 902 (2006).

SLIP OPINION

motion for continuance, stating that the parol-evidence rule would bar the testimony of Hurt-Hoover's attorney.

Hurt-Hoover filed a motion to reconsider, which the circuit court denied. The court noted that, while the parol-evidence rule would not prohibit the introduction of extrinsic evidence where it would aid the court in interpreting the meaning of a contract—such as when the contract contains terms of art—there was no language in the contract at issue that was a term of art or that would be so confusing that a jury could not understand it.

Hurt-Hoover argues on appeal that the circuit court erred both in finding that the parol-evidence rule barred its attorney's testimony and in denying its motion for continuance. Both matters are reviewed for an abuse of discretion. *See Armstrong Remodeling & Constr., LLC v. Cardenas*, 2012 Ark. App. 387, ___ S.W.3d ___ (we will not reverse a circuit court's ruling allowing or disallowing evidence on the basis of the parol-evidence rule absent an abuse of discretion); *SMG 1054, Inc. v. Thompson*, 2014 Ark. App. 149 (we will not reverse the denial of a motion for continuance absent an abuse of discretion amounting to a denial of justice).

The parol-evidence rule, which is a substantive rule of law rather than a rule of evidence, prohibits introduction of extrinsic evidence, parol or otherwise, which is offered to vary the terms of a written agreement. *First Nat'l Bank of Crossett v. Griffin*, 310 Ark. 164, 168, 832 S.W.2d 816, 818 (1992). Its premise is that the written agreement itself is the best evidence of the intention of the parties. *Id.*, 832 S.W.2d at 818–19. "It is a general proposition of the common law that in the absence of fraud, accident or mistake, a written

contract merges, and thereby extinguishes, all prior and contemporaneous negotiations, understandings and verbal agreements on the same subject." *Id.*, 832 S.W.2d at 819 (quoting *Farmers Coop. Ass'n v. Garrison*, 248 Ark. 948, 952, 454 S.W.2d 644, 646 (1970)).

The parol-evidence rule does not, however, prohibit the introduction of extrinsic evidence where it would aid the court in interpreting the meaning of particular language of a contract, such as when the contract contains terms of art or words which have acquired their meaning through a course of dealing or custom or usage. *Id.* at 168, 832 S.W.2d at 819 (citing *Les-Bil, Inc. v. Gen. Waterworks Corp.*, 256 Ark. 905, 511 S.W.2d 166 (1974)). Nor does the parol-evidence rule prohibit the court's acquainting itself with the circumstances surrounding the making of the contract. *Id.* at 169, 832 S.W.2d at 819 (citing *Stokes v. Roberts*, 289 Ark. 319, 711 S.W.2d 757 (1986); *Schnitt v. McKellar*, 244 Ark. 377, 427 S.W.2d 202 (1968)).

The test for admissibility of parol evidence is whether the evidence offered tends to alter, vary, or contradict the written agreement or whether it tends to prove a part of the agreement about which it is silent. *In re F & M Bldg. P'ship v. Farmers & Merchants Bank*, 316 Ark. 60, 871 S.W.2d 338 (1994). Parol evidence is inadmissible if it is offered merely to explain what one party to a written agreement believed a term of the agreement to mean, as opposed to parol evidence offered to show what both parties to an agreement believed one of its terms to mean. *Martin v. Martin*, 6 Ark. App. 18, 637 S.W.2d 612 (1982); *see also Student Loan Guar. Found. of Ark., Inc. v. Barnes, Quinn, Flake & Anderson*, 34 Ark. App. 139, 148, 806 S.W.2d 628, 633 (1991) ("[S]uch testimony must relate to an understanding that was

8

common to both parties; it is not permissible to show the uncommunicated subjective interpretation that one party or the other placed upon the language of the agreement.").

The circuit court did not abuse its discretion in disallowing the testimony from Hurt-Hoover's attorney about what the contractual provision meant. Hurt-Hoover proffered the testimony of attorney Robert Jones, who said he had drafted the agreement at the request of Mike Hoover. Hoover asked Jones to include the indemnity provision in the contract in order to protect Hurt-Hoover, as the buyer of the company, against certain liabilities and expenses and to allow Hurt-Hoover to offset any damages against the payments owed under the promissory notes. Jones testified that it was his recollection that the appellees were not represented by counsel, and he did not recall that he had advised the appellees that the purpose of the indemnification provision was for the protection of Hurt-Hoover. Because the proffered parol evidence was intended to show only what one party to the contract—Hurt-Hoover—believed the provision meant, the circuit court did not abuse its discretion in refusing to admit the testimony.

Next, Hurt-Hoover argues that the circuit court should have granted its motion for continuance and motion to withdraw. We do not reach this issue, because the continuance was intended only for the purpose of finding new counsel so Jones could testify. As we have held that it was not error for the circuit court to refuse to admit Jones's testimony, these arguments are moot.

Affirmed.

GLADWIN, C.J., and WALMSLEY, J., agree.

*Waddell, Cole & Jones, P.A.*, by: *Shane Baker* and *Justin E. Parkey*, for appellant.

*Richard Mays Law Firm, PLLC*, by: *Richard H. Mays*, for appellees.