SLIP OPINION  Cite as 2014 Ark. 461

# SUPREME COURT OF ARKANSAS

No. CV–14–311

|  |  |
|---|---|
| HURT-HOOVER INVESTMENTS, LLC<br><br>APPELLANT<br><br>V.<br><br><br>LESTER FULMER, ROB BENTLEY, ROBERT BEST, AND CARL CHILSON<br><br>APPELLEES | **Opinion Delivered** November 6, 2014<br><br>APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT [NO. CV-09-140-4]<br><br>HONORABLE TIM WEAVER, JUDGE<br><br>AFFIRMED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellant Hurt-Hoover Investments, LLC (Hurt-Hoover), appeals the judgment entered by the Cleburne County Circuit Court after a jury returned its verdict in favor of appellees Lester Fulmer, Rob Bentley, Robert Best, and Carl Chilson. For reversal, Hurt–Hoover contends that the circuit court erred in ruling that venue for this civil action concerning a debt and note was proper in Cleburne County and that the court erred by denying its motion for withdrawal of counsel and its concomitant request for a continuance. Our jurisdiction is pursuant to Arkansas Supreme Court Rule l-2(e), as we granted appellant's petition to review the decision of the Arkansas Court of Appeals affirming the judgment. *See Hurt-Hoover Invs., LLC v. Fulmer*, 2014 Ark. App. 197, 433 S.W.3d 917. We also find no reversible error and affirm.

SLIP OPINION

*Factual Background*

The record discloses that the parties entered into a contract for Hurt-Hoover to purchase appellees' interests in H2O Lifts and Ramps, LLC. Pursuant to their agreement, dated June 19, 2008, Hurt-Hoover agreed to pay the total sum of $955,000 for the business, which included an initial cash payment of $400,000 that was remitted at the time of closing. Hurt-Hoover executed individual promissory notes to each appellee, according to their respective interests, for payment of the balance in thirty-six monthly installments, commencing on October 1, 2008.

On May 28, 2009, appellees filed suit against Hurt-Hoover in Cleburne County Circuit Court, alleging that Hurt-Hoover had wholly failed to pay the installments due under the promissory notes. In their complaint, appellees alleged that venue was proper in Cleburne County, where they all resided, pursuant to Arkansas Code Annotated section 16-55-213 (Supp. 2013). In its answer, Hurt-Hoover denied that venue was proper in Cleburne County, and it moved to dismiss, asserting that venue lay in Craighead County, where it had its principal place of business, under Arkansas Code Annotated section 16-60-111 (Supp. 2013). Hurt-Hoover also pled the affirmative defense of set-off, alleging that the terms of the parties' agreement allowed it to take credit for damages it incurred as a result of appellees' alleged misrepresentations and breach of warranties made in connection with the purchase agreement.

The circuit court held a hearing on the issue of venue on November 16, 2010. At the hearing, Hurt-Hoover asserted that section 16-60-111(a) was controlling, as it specifically

SLIP OPINION

applied to actions on a "debt, account, or note," and that the statute established venue where the defendant resided, which was in Craighead County, its principal place of business. Appellees maintained that section 16–55–213(a)(3)(A) provides that venue can be fixed in the county in which the plaintiff resided and that this statute provides that it applies to "all civil actions" with certain enumerated exceptions that do not include section 16–60–111. Appellees contended that section 16–55–213, as the more recently enacted statute, repealed section 16–60–111(a) by implication because the two were in irreconcilable conflict. The circuit court took the question under advisement and issued an order denying Hurt–Hoover's motion to dismiss on April 23, 2010. In the order, the circuit court found that the two venue statutes were invincibly repugnant and that section 16–55–213 impliedly repealed section 16–60–111. Accordingly, the court concluded that venue was proper in Cleburne County as the county where appellees resided.

On May 17, 2011, appellees filed a motion for summary judgment, arguing that there were no material facts in dispute that Hurt–Hoover had defaulted on its obligations under the promissory notes. They also contended that the indemnity provisions of the agreement, relied on by Hurt–Hoover to support its claim of set off, applied only to damages that Hurt–Hoover might incur from a third party but not for any claims Hurt–Hoover may have against them. Thus, they argued that they were entitled to judgment as a matter of law. In response, Hurt–Hoover maintained that the agreement endowed it with the right to set off damages it incurred as a result of appellees' alleged misrepresentations and breaches of warranty and that the agreement also stated that the exercise of its right to set-off was not an event of default.

3

Hurt-Hoover also filed a counterclaim alleging breach of contract and the claim for set-off.

The circuit court held a hearing on the summary-judgment motion on November 2, 2011. The court entered an order denying the motion on June 1, 2012.[1] In relevant part, the court's order provided,

2. Plaintiffs contend that defendant has defaulted on certain promissory notes.

3. Defendant contends that it is allowed to take certain set-offs pursuant to paragraph 6.01 of the Interests Purchase and Sale Agreement entered into between the parties on June 19, 2008 (the "Agreement").

4. Plaintiffs reason that because there have been no claims for indemnification made by an third party, then defendant is not entitled to take any set-offs.

5. Plaintiffs would be correct if the issues in the case involved a simple indemnification agreement. However, the Court finds that because of the language in paragraph 6.01(a) of the Agreement, there is a fact question as to what plaintiffs promised to indemnify against.

6. Paragraph 6.01(a) of the Agreement could be interpreted as providing indemnification to the defendant for damages and losses resulting from any "misrepresentation, breach of warranty, or failure to perform any covenant or agreement undertaken by seller in this agreement."

7. The Court finds that there is a fact question as to whether or not plaintiffs agreed to indemnify defendant and hold defendant harmless for damages from any misrepresentation, breach of warranty, or failure to perform under the terms and conditions of the Agreement. This issue is to be determined by a trier of fact. Consequently, plaintiffs' Motion for Summary Judgment is denied.

Thereafter, the circuit court scheduled the trial for July 19, 2012. On June 19, 2012, Hurt-Hoover filed a motion for the withdrawal of counsel, asserting that it was necessary for

---

[1]The circuit court's order denying the motion for summary judgment was preceded by a letter written to the parties from the court dated April 12, 2012, informing them of the court's decision.

the law firm of Barrett & Deacon, P.A., to be relieved as counsel so that one of its members, Robert S. Jones, who had drafted the parties' agreement, could testify as to the parties' intentions in light of the circuit court's ruling that the indemnity provisions were ambiguous. Two days later, Hurt–Hoover also moved for a continuance in order to give it an opportunity to retain substitute counsel, should the circuit court grant its motion for counsel to withdraw. Appellees objected to a continuance and argued that the testimony of counsel was not admissible. The circuit court, via email communication, denied both motions, ruling that Jones's testimony was barred by the parol–evidence rule and that, therefore, a continuance was not required. At trial, the circuit court permitted Hurt–Hoover to make a proffer of Jones's proposed testimony.

After considering the evidence, the jury returned its verdict in favor of appellees on their complaint and against Hurt–Hoover on its counterclaim. Accordingly, the circuit court entered judgment in favor of appellee Fulmer in the amount of $294,705; appellee Bentley in the amount of $229,215; appellee Best in the amount of $65,490; and appellee Chilson in the amount of $65,490. This timely appeal followed.

Hurt–Hoover presents, essentially, two issues on appeal. First, it contends that the circuit court erred in denying its motion to dismiss on the question of venue by ruling that section 16-55-213 repealed section 16-60-111 by implication. Second, Hurt–Hoover argues that the parol–evidence rule did not bar Jones's testimony and that the circuit court erred by denying its motion for a continuance to obtain substitute counsel. Neither argument warrants reversal.



*Repeal by Implication*

As its first argument on appeal, Hurt-Hoover argues that the two venue statutes are not in conflict and that the circuit court erred in ruling that venue was proper in Cleburne County based on its ruling of repeal by implication. Further, it contends that, because section 16-55-213 did not repeal section 16-60-111, section 16-60-111 should apply as the more specific venue statute over the general venue statute found in section 16-55-213.

This court has outlined its statutory construction rules regarding repeal by implication on numerous occasions. *See Doe v. Baum*, 348 Ark. 259, 72 S.W.3d 476 (2002). The fundamental rule of the doctrine is that a repeal by implication is not favored and is never allowed except when there is such an invincible repugnancy between the two provisions that both cannot stand. *Brock v. Townsell*, 2009 Ark. 224, 309 S.W.3d 179. A statute of a general nature does not repeal a more specific statute unless there is a plain, irreconcilable conflict between the two. Moreover, we will not find a repeal by implication if there is any way to interpret the statutes harmoniously. *Neeve v. City of Caddo Valley*, 351 Ark. 235, 91 S.W.3d 71 (2002). Thus, repeal by implication is recognized in only two situations: (1) where the statutes are in irreconcilable conflict, and (2) where the General Assembly takes up the whole subject anew, covering the entire subject matter of the earlier statute and adding provisions clearly showing that it was intended as a substitute for the former provision. *Lambert v. LQ Mgmt., LLC*, 2013 Ark. 114, 426 S.W.3d 437.

It is well established that the General Assembly is vested with the power to establish venue under the Arkansas Constitution. *Farm Bureau Mut. Ins. Co. of Arkansas, Inc. v.*

SLIP OPINION

*Gadbury-Swift*, 2010 Ark. 6, 362 S.W.3d 291. The primary purpose of venue statutes is to provide a convenient, logical, and orderly forum for the resolution of disputes. *Wright v. Centerpoint Energy Res. Corp.*, 372 Ark. 330, 276 S.W.3d 253 (2008). It is this court's fundamental duty to give effect to the legislative purpose set by the venue statutes. *Centerpoint Energy, Inc. v. Miller Cnty. Circuit Court*, 372 Ark. 343, 276 S.W.3d 231 (2008).

Since 1838, the General Assembly has provided that, in the absence of a statutory exception, the basic rule of venue is that a defendant must be sued in the county where he or she resides or is summoned. *Clark v. Johnson Reg'l Med. Ctr.*, 2010 Ark. 115, 362 S.W.3d 311. Consistent with that general rule, section 16-60-111(a)(1), first adopted in 1977, provides that "[a]n action on a debt, account, or note, or for goods or services may be brought in the county where the defendant resided at the time the cause of action arose." *See* Act 401 of 1977. From its inception, this statute has also provided that "[t]he provisions of this section are cumulative to the venue laws of the State of Arkansas and shall not amend or repeal any other laws unless expressly in conflict therewith." Ark. Code Ann. § 16-60-111(c).

In 2003, the General Assembly passed Act 649, the "Civil Justice Reform Act of 2003," which primarily focused on tort reform; however, Act 649 also included certain venue provisions, including the one at issue here. *Id.* Specifically, section 16-55-213(a) provides in relevant part that "[a]ll civil actions," excluding certain statutory exceptions,[2] must be brought in any of the following counties:

---

[2] These exceptions include Arkansas Code Annotated sections 16-60-601-103, 16-60-107, 16-60-114, 16-60-115, 16-60-119, and subsection 16-55-213(e). Section 16-60-111 is not mentioned.



(1) The county in which a substantial part of the events or omissions giving rise to the claim occurred;

(2)(A) The county in which an individual defendant resided.

(B) If the defendant is an entity other than an individual, the county where the entity had its principal office in this state at the time of the accrual of the cause of action; or

(3)(A) The county in which the plaintiff resided.

(B) If the plaintiff is an entity other than an individual, the county where the plaintiff had its principal office in this state at the time of the accrual of the cause of action.

On two previous occasions, this court has addressed whether section 16–55–213 repeals other venue statutes by implication. In *Wright*, *supra*, the deceased had succumbed to carbon monoxide poisoning in her home located in Craighead County. The personal representative of her estate filed a wrongful-death action in Crittenden County, arguing that venue was appropriate there under section 16–55–213(a) because it was the county where he, the plaintiff, had resided at the time of the deceased's injury. He also urged that section 16–55–213(a) repealed by implication Arkansas Code Annotated section 16–60–112(a) (Repl. 2005), which provides that actions for wrongful death are to be brought in the county where the accident occurred or where the person killed resided at the time of the injury. This court disagreed with the personal representative's contention and held that the two statutes were not in conflict. In so holding, this court determined the General Assembly's use of the past tense in section 16–55–213(a) evidenced its intention for venue to be fixed "where the plaintiff or defendant *resided at the time of the events giving rise to the cause of action*." *Wright*, 372 Ark. at 334, 276 S.W.3d at 257–57 (emphasis in original). Placing the two statutes side by side, we

SLIP OPINION

reasoned that they could be read harmoniously because they both fixed venue where the deceased resided at the time the events giving rise to the claim occurred.

By contrast, we reached a different result in *Dotson v. City of Lowell*, 375 Ark. 89, 289 S.W.3d 55 (2008). There, the issue was whether section 16–55–213(a) impliedly repealed section 16–60–116(a) (Repl. 2005), which was also a general venue statute providing that "every other action may be brought in any county in which the defendant or one (1) of several defendants resides or is summoned." As in *Wright*, we noted that section 16–55–213(a) was written in the past tense, which indicated that the General Assembly intended for venue to be fixed at the time of the events giving rise to the claim. However, when compared to section 16–60–116(a), we found an irreconcilable conflict because the earlier statute fixed venue where the defendant "resides," meaning that the General Assembly had intended for venue to be fixed at the time the suit is filed. Because the time at which venue was fixed differed, we held that the two statutes could not stand together. Given this irreconcilable conflict, we also reasoned that the General Assembly intended to adopt a new general venue scheme with the passage of section 16–55–213(a) as a substitute for section 16–60–116(a) because the new general default statute expressly fixes venue for "*[a]ll* civil actions" with some noted exceptions.

In the present case, we reach the same conclusion as we did in *Wright* and hold that section 16–55–213(a) did not repeal section 16–60–111(a) by implication. Section 16–60–111(a) applies to debts and notes and states that such an action "may" be brought in the county where the defendant resided at the time the cause of action arose. Section 16–55–213(a) provides that all civil actions "must" be brought in either one of three counties: (1) the county in which a

substantial part of the events or omissions giving rise to the claim occurred; (2) the county in which an individual defendant resided, or if the defendant is an entity other than an individual, the county where the defendant had its principal office at the time of the accrual of the cause of action; or (3) the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, the county where the plaintiff had its principal office at the time of the accrual of the cause of action. As is evident, both statutes speak in the past tense and thus fix venue at the time of the events giving rise to the claim. Also, both statutes permit the filing of an action on a note to be filed in the county where the defendant resided. The only difference is that section 16-55-213 allows a plaintiff a choice among three options, but this choice does not place the statutes in irreconcilable conflict. Statutes covering the same subject matter can stand together when they are cumulative. *Smith v. Sullivan*, 190 Ark. 859, 81 S.W.2d 922 (1935).

Our view that section 16-55-213(a) was not intended to replace section 16-60-111(a) is also buttressed by the fact that the General Assembly has twice amended section 16-60-111 since the enactment of section 16-55-213—once in 2007 and again in 2009. *See* Act 549 of 2007; Act 546 of 2009. By virtue of these amendments, it is clear that the General Assembly does not consider section 16-60-111 to be a dead letter in the law. *See Rural Special Sch. Dist. v. City of Pine Bluff*, 142 Ark. 279, 218 S.W. 661 (1920); *see also Sailer v. State*, 192 Ark. 514, 92 S.W.2d 382 (1936) (observing that courts are reluctant to construe statutes as being repealed by implication where subsequent legislation recognizes their existence). For these reasons, we hold that the two statutes can be read harmoniously and that section 16-55-213(a) did not

repeal section 16-60-111(a) by implication. Therefore, the circuit court erred in concluding otherwise. However, we affirm the circuit court's decision denying the motion to dismiss, as venue did lie in Cleburne County pursuant to section 16-55-213(a)(3)(A), as the county where appellees resided. *Wright, supra.* As we have often said, we will affirm the circuit court where it reaches the right result, even though it may have announced the wrong reason. *City of Marion v. City of W. Memphis*, 2012 Ark. 384, 423 S.W.3d 594; *Bridges v. Shields*, 2011 Ark. 448, 385 S.W.3d 176.

*Parol-Evidence Rule*

Hurt-Hoover also contends that the circuit court erred by refusing to allow the testimony of the attorney who drafted the agreement. It contends that counsel's testimony was not barred by the parol-evidence rule because the circuit court found that the language used in the agreement was ambiguous.

The parol-evidence rule prohibits the introduction of extrinsic evidence, parol or otherwise, which is offered to vary the terms of a written agreement; it is a substantive rule of the law, rather than a rule of evidence, and its premise is that the written agreement itself is the best evidence of the intention of the parties. *Stilley v. James*, 345 Ark. 362, 48 S.W.3d 521 (2001). On the other hand, the parol-evidence rule does not prohibit the introduction of extrinsic evidence where it would aid the court in interpreting the meaning of particular language of a contract, such as when the contract contains terms of art or words which have acquired their meaning through a course of dealing or custom or usage. *First Nat'l Bank of Crossett v. Griffin*, 310 Ark. 164, 832 S.W.2d 816 (1992). Nor does the parol-evidence rule

11

prohibit the court's acquainting itself with the circumstances surrounding the making of the contract. *Id.* Where the meaning of a written contract is ambiguous, parol evidence is admissible to explain the writing. *C&A Constr. Co. v. Benning Constr. Co.*, 256 Ark. 621, 509 S.W.2d 302 (1974). The initial determination of the existence of ambiguity rests with the court and, if the writing contains a term which is ambiguous, parol evidence is admissible and the meaning of the ambiguous term becomes a question of fact for the fact-finder. *Griffin*, *supra*.

On appeal, we will not reverse a circuit court's ruling on the admission of evidence absent an abuse of discretion. *GSS, LLC v. CenterPoint Energy Gas Transmission Co.*, 2014 Ark. 144, 432 S.W.3d 583. This court has stated that abuse of discretion is a high threshold that does not simply require error in the trial court's decision, but requires that the trial court act improvidently, thoughtlessly, or without due consideration. *Coker v. Coker*, 2012 Ark. 383, 423 S.W.3d 599.

In the proffer, Jones stated that he drafted the purchase agreement while representing Hurt-Hoover. Upon Mike Hoover's request, he included the indemnity provision to provide protection for the buyer against certain liabilities. Jones said that the provision was intended to protect the buyer with respect to warranty representations made by the sellers in connection with the sale, including statements about the nature of the company itself. He added that the intent was to afford the buyer the ability to offset any damages. Jones acknowledged, however, that appellees were not represented by counsel, and he did not recall whether he advised appellees that the purpose of the indemnity provision was for the protection of the buyer.

We find no error in the exclusion of the testimony. As we explained in *Kerr v. Walker*, 229 Ark. 1054, 321 S.W.2d 220 (1959), when admissible, parol evidence must relate to an understanding that was common to both parties, as parol evidence is not permitted to show the uncommunicated subjective interpretation that one party placed on the language of the agreement. Although the circuit court found that the language of the contract was ambiguous, Jones's proposed testimony related only to his and Hurt-Hoover's construction of the indemnity provision. As such, the testimony was not admissible as parol evidence, and the circuit court did not abuse its discretion by not allowing the introduction of the testimony.

We need not reach Hurt-Hoover's related argument that the circuit court erred by denying its motion for a continuance. This request was predicated on the success of its motion for the withdrawal of counsel so that Jones could testify. Because the circuit court did not err by excluding Jones's testimony, the denial of the motion for a continuance is of no consequence.

Affirmed.

*Waddell, Cole & Jones, P.A.*, by: *Shane Baker* and *Justin E. Parkey*, for appellant.

*Richard Mays Law Firm, PLLC*, by: *Richard H. Mays*, for appellees.