David HARRIS *v.* CITY of FORT SMITH,
Bill Harding, C. Ray Baker, Jr., Nan Bartlett, Alaric Parrish,
Joe W. Davis, Gary W. Campbell, Ben H. Shipley, Ken Pevehouse

05-965                                    234 S.W.3d 875

Supreme Court of Arkansas
Opinion delivered May 4, 2006

*Hodson, Woods, & Snively, LLP*, by: *Michael Hodson*, for appellant.

*Daily & Woods, P.L.L.C.*, by: *Jerry Canfield*, for appellees.

JIM GUNTER, Justice. This appeal arises from an order from the Sebastian County Circuit Court, denying a motion for attorneys' fees filed by appellant, David Harris, in favor of appellees, City of Fort Smith and members of the Fort Smith City Board of Directors (Board). On appeal, appellant argues that the circuit court erred in denying his request for an award of attorneys' fees under the Freedom of Information Act (FOIA) set forth in Ark. Code Ann. § 25-19-107 (Repl. 2002). We affirm the circuit court's rulings.

The facts in this case are set forth at length in *Harris v. City of Fort Smith*, 359 Ark. 355, 197 S.W.3d 461 (2004) (*Harris II*). In *Harris II*, appellant appealed a grant of summary judgment, asserting that the circuit court erred in finding that one-on-one discussions conducted by telephone or in person between Bill Harding, the city administrator, and individual members of the Board did not constitute Board action that falls under the FOIA. By contacting individual Board members, Harding obtained the approval of the entire Board to submit a bid in an action to purchase real property. The circuit court found that under Arkansas law, the FOIA did not apply "to a chance meeting or even a planned meeting of any two members of the city council." *Id.* The circuit court also noted that although the Board approved submission of the bid, the purchase could not be and was not finalized until it was publicly discussed and approved. The case was appealed to the court of appeals, which reversed the circuit court. *Harris v. City of Fort Smith*, 86 Ark. App. 20, 158 S.W.3d 733 (2004) (*Harris I*). We granted appellant's petition for review. In *Harris II*, we held that, under the facts of the case, Harding's contact of individual Board members to obtain approval of action to be taken by the Board as a whole constituted an informal Board meeting subject to the FOIA. We affirmed the decision of the court of appeals, and we reversed and remanded to the circuit court on the issues of an injunction and attorneys' fees. *Harris II, supra.*

On May 31, 2005, upon remand, the circuit court held a hearing on the two remaining issues. At the hearing, it was disclosed during counsel's arguments that appellant was charged $10,000 in attorneys' fees, and appellees spent $25,000 defending the case. The circuit court granted injunctive relief, but denied attorneys' fees. The circuit court's order was entered on July 18, 2005. From this order, appellant appeals the circuit court's ruling on the issue of attorneys' fees.

For his sole point on appeal, appellant argues that the circuit court erred in denying his request for an award of attorneys' fees as

the prevailing party in this FOIA action as set forth in Ark. Code Ann. § 25-19-107. Specifically, appellant contends that an award of attorneys' fees is mandatory under the statute. Appellant urges this court to revise the standard for an award of attorneys' fees in FOIA cases.

Appellees respond, arguing that appellant failed to establish that the circuit court abused its discretion in denying attorneys' fees under the FOIA. Specifically, appellees argue that the circuit court correctly found that their actions were based on a good-faith belief that one-on-one discussions with the Board members did not constitute a violation of the public-meeting provision of the FOIA.

We have said that attorneys' fees are not allowed except where expressly provided for by statute. *Chrisco v. Sun Indus.*, 304 Ark. 227, 800 S.W.2d 717 (1990). An award of attorneys' fees will not be set aside absent an abuse of discretion by the trial court. *Chrisco*, 304 Ark. at 230, 800 S.W.2d at 719. While the decision to award attorneys' fees and the amount awarded are reviewed under an abuse-of-discretion standard, we review factual findings by a circuit court on the existence of the *Chrisco* factors under a clearly-erroneous standard of review. *Davis v. Williamson*, 359 Ark. 33, 194 S.W.3d 197 (2004).

We are called to interpret the FOIA statutory provision regarding attorneys' fees. We review issues of statutory construction de novo. *Farrell v. Farrell*, 365 Ark. 465, 231 S.W.3d 619 (2006). We are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal. When reviewing issues of statutory interpretation, we keep in mind that the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. When a statute is clear, however, it is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *Id.*

The FOIA allows for an award of attorneys' fees under Ark. Code Ann. § 25-19-107, which provides in pertinent part:

(d) In any action to enforce the rights granted by this chapter, or in any appeal therefrom, the court shall assess against the defendant reasonable attorney's fees and other litigation expenses reasonably incurred by a plaintiff who has substantially prevailed unless the court finds that the position of the defendant was substantially justified or that other circumstances make an award of these expenses unjust. However, no expenses shall be assessed against the State of Arkansas or any of its agencies or departments. If the defendant has substantially prevailed in the action, the court may assess expenses against the plaintiff only upon a finding that the action was initiated primarily for frivolous or dilatory purposes.

*Id.* We give a liberal construction to the FOIA, found at Ark. Code Ann. § 25-19-101 *et seq.* (Repl. 2002 & Supp. 2003), to accomplish its "broad and laudable purpose that public business be performed in an open and public manner." *Fox v. Perroni,* 358 Ark. 251, 188 S.W.3d 881 (2004).

Under the plain language of the statute, attorneys' fees shall be assessed against the defendant (1) when the plaintiff substantially prevailed in his suit to enforce a right granted under the FOIA *unless* (2) the position of the defendant was substantially justified or other circumstances make an award of attorneys' fees or costs unjust.

We interpreted the attorneys'-fees provision of the FOIA for the first time in *Depoyster v. Cole,* 298 Ark. 203, 766 S.W.2d 606 (1989). Depoyster argued that he was entitled to an award of attorneys' fees and costs under Ark. Code Ann. § 25-19-107(d). Quoting from an article published in 1987 *Arkansas Law Notes,* we explained that "[t]he court need not . . . make a fee award in every FOIA case; indeed, the purpose of the fee-shifting provision is to assess fees and costs where public officials have acted arbitrarily or in bad faith in withholding records." *Id.* at 208, 766 S.W.2d at 609. We further stated that "[w]e do not imply by this opinion that an award of litigation expenses under the FOIA will always be defeated in the absence of arbitrary or bad faith conduct on the part of the defendant." *Id.* We held that the circumstances in that case made an award of attorneys' fees and costs unjust. *Id.*

In *Depoyster,* we used the test of whether public officials had acted "arbitrarily" or in "bad faith" in withholding public records for purposes of deciding whether to award attorneys' fees for a FOIA violation. However, given the standard set

out in the plain language of Ark. Code Ann. § 25-19-107(d), we now determine whether the defendant was "substantially justified" in withholding the records or whether other circumstances make an award of attorneys' fees or costs unjust. The plain language of the statute clearly controls over the bad-faith test quoted from a law review article in *Depoyster*. To the extent that *Depoyster* conflicts in any respect with our statute, we overrule it.

■ We now determine if attorneys' fees are warranted in the present case. Here, appellant prevailed on appeal in *Harris II* on the FOIA issue, so appellant clearly has met the first prong of the statutory requirement. Appellant substantially prevailed in his suit to enforce a right granted under the FOIA. The remaining issue then is whether appellees' position was substantially justified or other circumstances make an award of attorneys' fees or costs unjust. *See* Ark. Code Ann. § 25-19-107.

In this case, the trial court made the following ruling:

> [T]he defendants have demonstrated that their actions in this case were based on a good faith belief that their actions did not constitute a violation of the public-meeting provision of the Arkansas Freedom of Information Act and that the plaintiff has failed to demonstrate that the actions of the defendants were undertaken in an arbitrary manner or in bad faith so that the court determines and orders that the expense of the plaintiff's attorneys' fees should not be shifted to the defendants even in this case involving the Arkansas Freedom of Information Act, which the court liberally construes to the end that its praiseworthy purposes be achieved[.]

■ Notwithstanding that the circuit court relied on the bad-faith test articulated in *Depoyster, supra*, we nevertheless agree with the circuit court's ruling. While the court erred in its reasoning, the court's judgment should be affirmed as reaching the right result for the wrong reason. *Wright v. City of Little Rock*, 366 Ark. 96, 233 S.W.3d 644 (2006).

Here, the following testimony was presented to the circuit court. Raymond W. Gosack, Deputy City Administrator, testified on direct examination that "we had no reason to believe that we were violating the Freedom of Information Act." He stated that "we were not trying to circumvent the Freedom of Information Act," adding that he did not act in bad faith to deny public access

to information, nor did he intend to violate the law. Gosack testified that "the result was that the city saved approximately $400,000 over the appraised value of the property by participating in the auction process" of the Fort Biscuit deal. Further, Gosack testified that appellees intended to comply with the requirements of the FOIA, as well as any rulings by our court. Notwithstanding that appellees did not have formal approval to submit a bid by the Board, Gosack's understanding was that the bid was not binding until the Board took formal action to approve it.

Gosack explained in direct examination that he relied upon *El Dorado v. El Dorado Broadcasting Co.*, 260 Ark. 821, 544 S.W.2d 206 (1976), as the basis for his belief that one-on-one phone meetings with individual members of the Board were permissible. In *El Dorado*, we held that the FOIA was inapplicable to "a chance meeting or even a planned meeting of any two members of the city council," but that it applied to "any group meeting called by the mayor or any member of city council[.]" *Id.* at 824, 544 S.W.2d at 208. Here, the Board did not convene in any group meeting called by the mayor or any member of city council. Rather, Harding had one-on-one conversations with individual members of the Board to discuss the bid.

Additionally, Tom Carpenter, city attorney for the City of Little Rock, testified that "[o]n occasion, we have had situations usually dealing with things like the settlement of a lawsuit in which we have had individual phone calls with individual members of the Board of Directors or individual contact." Carpenter further testified that he interpreted serial one-on-one contacts as permissible under the law. We have repeatedly stated that we give due regard to the opportunity of the circuit court to judge the credibility of the witnesses. *$15,956 in U.S. Currency v. State*, 366 Ark. 70, 233 S.W.3d 598 (2006). Here, the circuit court placed considerable weight in Gosack and Carpenter whose testimony supports a finding that there was substantial justification in appellees' position.

More significantly, we explained in *Harris II* that appellees had "a laudable purpose in acquiring the Fort Biscuit property by confidential bid." *Id.* Appellees would acquire the property at a price "favorable to taxpayers," and the downtown area would benefit from the improved traffic conditions. *Id.* Thus, we conclude that appellees' position was substantially justified

under Ark. Code Ann. § 25-19-107. For these reasons, we hold that the circuit court's findings were not clearly erroneous, and therefore, the circuit court did not abuse its discretion in denying the award of attorneys' fees. Accordingly, we affirm the circuit court's ruling.

Affirmed.

GLAZE and IMBER, JJ., dissent.

TOM GLAZE, Justice, dissenting. To begin with, I commend the majority for its decision to overturn the erroneous and unfortunate language set out in *Depoyster v. Cole*, 298 Ark. 203, 766 S.W.2d 606 (1989). I strongly disagree, however, with the majority's ultimate decision to deny attorney's fees to David Harris. In this case, Harris has spent approximately $10,000 in order to expose the City of Fort Smith's FOIA violation. Yet, despite his resounding victory on the merits, Harris will not be reimbursed his attorney's fees and litigations costs for his efforts.

The FOIA statutory provision regarding attorneys' fees is set out at Ark. Code Ann. § 25-19-107 and states the following:

> In any action to enforce the rights granted by this chapter, or in any appeal therefrom, the court shall assess against the defendant reasonable attorney's fees and other litigation expenses reasonably incurred by a plaintiff who has substantially prevailed *unless the court finds that the position of the defendant was substantially justified* or that other circumstances make an award of these expenses unjust.

(Emphasis added.) The attorneys' fees provision, like all provisions of the FOIA, is to be liberally interpreted in order to accomplish the purpose of promoting free access to public information. *Johninson v. Stodola*, 316 Ark. 423, 872 S.W.2d 374 (1994). Given these standards, it is clear that the City of Fort Smith was not "substantially justified" in its decision to violate the FOIA.

The City has stipulated to the following four facts: (1) Bill Harding, the city administrator, held one-on-one meetings with individual members of the City Board in order to determine "whether the Board would approve the purchase of the land at a subsequent meeting if Mr. Harding made a successful bid at the public auction"; (2) Harding's contact with the Board members involved city business; (3) the public was not notified of these

meetings; and finally, (4) the purpose of the meetings was to avoid publicly disclosing the amount of the City's bids. *See Harris v. City of Fort Smith*, 359 Ark. 355, 197 S.W.3d 461 (2004). These stipulations are all supported by a memorandum sent by Fort Smith Deputy City Administrator Ray Gosack to his superior, Harding. The Gosack memorandum gives insight into the true purpose behind the City's stealthy negotiations for the Fort Biscuit property. The memo provides in pertinent part the following:

> Acquiring this property through an auction creates some unusual challenges for the city. Normally, we seek formal board approval, including an offer price, before acquiring property. If we obtain formal board approval for acquisition of the Fort Biscuit property, the city won't be able to competitively bid for the property since our maximum offer would be public information . . . If the board is interested, we'll need to have some appraisal work performed to determine how much the city should offer for the property. We would then *informally* review a maximum offer amount with the board. We'd want to have the board's concurrence on a maximum offer amount before participating in the auction.

(Emphasis added.) The Gossack memo — combined with the stipulations from the City itself — shows that the City intended to shield its activity from the public in order to acquire the property at a good price. The majority court believes the City's actions were for a "laudable purpose" and grounds for substantial justification under the statute. I could not disagree more. Here, the City's actions were intentionally designed to illegally circumvent the public disclosure requirements.

By vindicating the City's actions, the majority is not liberally interpreting the FOIA; instead, it is undermining the purpose behind the Act. The attorney's fee provision was enacted to encourage a person to file suit when a violation of the FOIA occurs. It is unreasonable to think that citizens will continue to bring FOIA claims when their right to recover attorney's fees and costs are taken away.

Although the public has greatly benefitted by Harris's actions, Harris has incurred a substantial monetary loss as a result of this court's decision. Given these circumstances, Harris has won nothing more than a Pyrrhic victory. Hereafter, only the wealthy or the news media can afford to bring lawsuits against public

officials who choose, like the City of Fort Smith, to refuse to follow the dictates of the FOIA. For these reasons, I respectfully dissent.

IMBER, J., joins this dissent.