

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–13–38

| | |
|---|---|
| GREGORY ROSS GILES, TERRI GILES, KAREN JEAN HUGHES, and KEVIN HUGHES<br><br>APPELLANTS<br><br>V.<br><br><br>OZARK MOUNTAIN REGIONAL PUBLIC WATER AUTHORITY<br>APPELLEE | **Opinion Delivered** November 6, 2013<br><br>APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. CV-12-202-4]<br><br>HONORABLE GORDON WEBB, JUDGE<br><br>AFFIRMED |

**ROBIN F. WYNNE, Judge**

Gregory Ross Giles, Terri Giles, Karen Jean Hughes, and Kevin Hughes appeal from an order of the Boone County Circuit Court denying their request for attorney's fees following a condemnation proceeding. We affirm the order of the circuit court.

On July 16, 2010, the Ozark Mountain Regional Public Water Authority (Ozark) filed a complaint for condemnation and declaration of taking in which it sought to take property owned by appellants for the construction of a water-treatment and intake facility together with all necessary roadways, water transmission lines, and a water tower. An appraisal determined the fair market value of the property to be $66,986, which amount was deposited by Ozark in favor of appellants. The circuit court entered an order granting Ozark right of entry onto the property. Appellants filed an answer to the complaint in which they claimed that the amount deposited was not sufficient compensation for the property and requested a

SLIP OPINION

jury trial to determine the amount of compensation to be paid for the property. Following a trial, the jury fixed the compensation for the property at $341,500. The circuit court entered judgment in favor of appellants in the amount of $274,514, which is the amount awarded by the jury less the amount previously deposited by Ozark.

On March 26, 2012, appellants filed a motion for attorney's fees. Ozark opposed the motion, arguing that it exercised its taking power under the procedures of a subsection of the Arkansas Code that does not allow for attorney's fees. Appellants responded, arguing that an applicable subsection allowed for attorney's fees. In an order filed on October 3, 2012, the circuit court denied appellants' motion for attorney's fees. This timely appeal followed.

Appellants argue that the circuit court erred by determining that the waterworks attorney's fee statute is not applicable in this case. Attorney's fees are not allowed except where expressly provided for by statute. *See Harris v. City of Fort Smith,* 366 Ark. 277, 234 S.W.3d 875 (2006). A decision to grant or deny a motion for attorney's fees will not be set aside absent an abuse of discretion by the circuit court. *See id.* When issues requiring statutory interpretation are involved, our review is de novo. *See Varadan v. Pagnozzi*, 2012 Ark. App. 700.

Ozark is a public-water authority, an entity sanctioned by the enactment of Act 15 of 2001, which is codified at Arkansas Code Annotated sections 4–35–201 et seq. None of those code sections contain any authority for an award of attorney's fees. A public-water authority has the power to exercise eminent domain in accordance with the procedures prescribed by Arkansas Code Annotated sections 18–15–301 et seq. Ark. Code Ann. § 4–35–210 (Supp.

2011). None of the statutes in subchapter 3 allow for an award of attorney's fees.

Arkansas Code Annotated sections 18-15-601 et seq. set out the eminent-domain authority and procedure for water and water-generated electric municipal corporations. Subchapter 6 does allow for an award of attorney's fees if the amount awarded by the jury exceeds the amount deposited by the corporation or water association in an amount that is more than twenty percent of the sum deposited. Ark. Code Ann. § 18-15-605(b) (Repl. 2003). Appellants argue that section 18-15-605(b) applies in this case. For authority, they rely primarily on two cases from our supreme court.

In *City of Fort Smith v. Carter*, 364 Ark. 100, 216 S.W.3d 594 (2005), property owners cross-appealed from an order denying their motion for attorney's fees following the condemnation of their property by the city for a reservoir. The property owners argued that section 18-15-605(b) should apply. The city argued that it should not apply because it exercised its power of eminent domain under subchapter 4 of title 18, chapter 15 of the Arkansas Code. Our supreme court held that section 18-15-605(b) did apply because section 18-15-401(c) states that the subchapter is cumulative to any other laws of eminent domain in favor of municipalities operating municipal waterworks systems.

In *Combs Revocable Trust v. City of Russellville*, 2011 Ark. 186, the landowner appealed the denial of its motion for attorney's fees following condemnation of its property by the city for the purpose of expanding and improving a public roadway, as well as improving drainage and flood control in the area. The landowner argued that section 18-15-605(b) should apply. The supreme court stated that, in order for section 18-15-605(b) to apply, the city must have

based its underlying condemnation action upon the use of the city's power of eminent domain to expand its water-supply facilities. The court ultimately held that the eminent-domain action was not brought for that purpose and affirmed the circuit court.

Appellants argue, in essence, that *Carter* and *Combs* make it clear that if eminent domain is used for a waterworks project, then section 18-15-605(b) applies and authorizes an award of attorney's fees. Appellants' argument is misplaced. Both of those cases involved the exercise of eminent domain by a municipality. The power of eminent domain in this case was exercised by a public-water authority, not a municipality. Appellants' argument further ignores the fact, which was recognized by the circuit court, that a public-water authority, such as Ozark, must exercise its eminent-domain power pursuant to the procedures in subchapter 3 of title 18, chapter 15 of the Arkansas Code. None of the cases cited by appellants have applied section 18-15-605(b) to subchapter 3, nor does any such case currently exist. Most importantly, subchapter 3 does not include language such as that in section 18-15-401(c) that our supreme court held in *Carter* made section 18-15-605(b) applicable to eminent domain exercised under subchapter 4.

Thus, an analysis of the procedure for the exercise of eminent domain by a public-water authority is restricted to subchapter 3. As noted above, subchapter 3 contains no provision for an award of attorney's fees. The circuit court, therefore, did not have authority to award any fees, and its decision to deny the motion for fees was correct.

Affirmed.

GLOVER and VAUGHT, JJ., agree.

*Moffitt & Phillips, PLLC*, by: *Brandon K. Moffitt* and *Michael Phillips*; and *Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for appellants.

*Martin Law Firm, P.A.*, by: *Thomas A. Martin*, for appellee.