

# SUPREME COURT OF ARKANSAS

No. CV–13–1050

| | |
|---|---|
| GREGORY ROSS GILES, TERRI GILES, KAREN JEAN HUGHES, AND KEVIN HUGHES | **Opinion Delivered** April 17, 2014 |
| APPELLANTS | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. CV-12-202-4] |
| V. | |
| | HONORABLE GORDON WEBB, JUDGE |
| OZARK MOUNTAIN REGIONAL PUBLIC WATER AUTHORITY OF THE STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED; COURT OF APPEALS' OPINION VACATED. |

## KAREN R. BAKER, Associate Justice

This appeal arises from the circuit court's denial of attorney's fees in a condemnation action. On July 16, 2010, pursuant to Ark. Code Ann. §§ 4-35-101 et seq. (Supp. 2013), specifically § 4-35-210(16), appellee, Ozark Mountain Regional Public Water Authority of the State of Arkansas (hereinafter Ozark), filed a complaint for condemnation and declaration of taking by which it sought to take property owned by appellants, Gregory Ross Giles, Terri Giles, Karen Jean Hughes, and Kevin Hughes (hereinafter Giles). Ozark sought to take the property for the construction of a water-treatment in-take facility, including necessary roadways, water transmission lines, and a water tower. On that same day, Ozark deposited $66,986, the fair-market-appraisal amount of the property, with the clerk as the estimated amount of the value of the property it was seeking to condemn. The circuit court also entered an order granting Ozark the right to enter the property.

SLIP OPINION

On July 27, 2010, Giles filed an answer and asserted that the amount deposited was not sufficient compensation and requested a jury trial. After a jury trial, the jury awarded Giles $341,500 in compensation for the property. On March 12, 2012, the judgment was entered.

On March 26, 2012, pursuant to Ark. Code Ann. § 18-15-605(b) (Repl. 2003), Giles filed a motion for attorney's fees. After a hearing, on October 3, 2012, the circuit court found that Ark. Code Ann. § 18-15-605(b) was not applicable to Giles's case and denied the motion. Giles appealed the decision to the court of appeals, which affirmed the circuit court's decision. *Giles v. Ozark Mountain Reg'l Public Water Auth.*, 2013 Ark. App. 639. Giles then petitioned this court for review, which we granted. Upon granting a petition for review, this court considers the appeal as though it had been originally filed in this court. *Pack v. Little Rock Convention Ctr. & Visitors Bureau*, 2013 Ark. 186, ___ S.W.3d ___. Giles presents one issue on appeal: the circuit court erred in denying Giles's motion for attorney's fees pursuant to Ark. Code Ann. § 18-15-605(b).

The decision to grant or deny attorney's fees lies within the sound discretion of the trial court, and we will not reverse the decision of the trial court absent a showing of an abuse of that discretion. *Harris v. City of Fort Smith*, 366 Ark. 277, 234 S.W.3d 875 (2006). Generally, in Arkansas, an award of attorney's fees is not allowed, unless an award of fees is specifically permitted by statute. *Id.*

The issue before us requires us to interpret Ark. Code Ann. § 18-15-605(b). Accordingly, this court's review of the circuit court's denial of Giles's motion for attorney's fees involves statutory interpretation. *Combs Revocable Trust v. City of Russellville*, 2011 Ark.

2

186. We review issues of statutory interpretation de novo, as it is for this court to decide what a statute means. *State ex rel. Ark. Dep't of Parks & Tourism v. Jeske*, 365 Ark. 279, 229 S.W.3d 23 (2006). While we are not bound by the circuit court's interpretation, in the absence of a showing that the circuit court erred, we will accept its interpretation as correct on appeal. *Id*.

Turning to our review of the statute before us, "[t]he first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary meaning and usually accepted meaning in common language." *Potter v. City of Tontitown*, 371 Ark. 200, 209, 264 S.W.3d 473, 480 (2007). "The basic rule of statutory construction is to give effect to the intent of the legislature." *Dep't of Human Servs. & Child Welfare Agency Review Bd. v. Howard*, 367 Ark. 55, 62, 238 S.W.3d 1, 6 (2006). Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *Lawhon Farm Servs. v. Brown*, 335 Ark. 272, 984 S.W.2d 1 (1998).

The relevant statute, Ark. Code Ann. § 18-15-605(b), "Damages–Deposits," provides:

(b) In the case of application for orders of immediate possession by the corporation or water association, if the amount awarded by the jury exceeds the amount deposited by the corporation or water association in an amount which is more than twenty percent (20%) of the sum deposited, the landowner shall be entitled to recover the reasonable attorney's fees and costs.

Applying our rules of interpretation to Giles's case, we interpret Ark. Code Ann. § 18-15-605(b) using plain and ordinary language. *Cave City Nursing Home, Inc. v. Ark. Dep't of Human Servs.*, 351 Ark. 13, 89 S.W.3d 884 (2002). We give these words their ordinary

3

SLIP OPINION

meaning and usually accepted meaning in common language. Here, subchapter 6, Municipal Corporations–Water and Water-Generated Electric Companies, Ark. Code Ann. § 18-15-605(b), allows for attorney's fees in certain eminent-domain cases.

In order to properly analyze Ark. Code Ann. § 18-15-605(b) and Giles's motion for attorney's fees in this case, we must first review the public water-authority-statute and the statute under which Ozark sought condemnation. Title 4 "Business and Commercial Law," Chapter 35, "Water Authority Act," codified the General Assembly's water-authority act.

Ozark filed suit pursuant to Ark. Code Ann. § 4-35-210(16), "Powers Generally," which provides public-water authorities the authority to initiate condemnation actions as needed:

> (16) To exercise the power of eminent domain in accordance with the procedures prescribed by § 18-15-301 et seq.

In sum, a public-water authority, here Ozark, may proceed with an eminent-domain action according to the procedures in §§ 18-15-301 to -310 (Repl. 2003 & Supp. 2013). Our review of Ark. Code Ann. §§ 18-15-301 to -310 demonstrates that there is not a provision for attorney's fees for actions under this subchapter.

With these statutes in mind, at issue is the circuit court's October 3, 2012 order. The circuit court held that Ark. Code Ann. §§ 18-15-301 to -310 do not provide for attorney's fees. The circuit court also held that Ark. Code Ann. § 18-15-605(b) was not applicable to Giles's case. The circuit court stated in pertinent part:

> That A.C.A. § 4-35-103(12) provides "water authority means the public body politic and governmental entity organized pursuant to the provisions of this chapter."

SLIP OPINION

That the entity created by the Water Authority Act of 2003 is a special governmental entity that is different from a municipal corporation or a water association and is empowered to do various projects related to the construction of water systems, and that A.C.A. § 4-35-210(16) specifically empowers the exercise of eminent domain and the procedures that apply to such powers are limited to subchapter 3. (A.C.A. § 18-15-301, et seq.).

That nowhere in the Water Authority Act (A.C.A. §4-35-101, et seq.; §4-35-201, et seq.; 4-36-301, et seq.) is there any reference to attorney's fees.

That a very careful reading of A.C.A. §18-15-301, et seq. reveals no reference to the application of attorney's fees.

That the provisions of subchapter 3 which are the general provisions of eminent domain that apply to municipal corporations make no statement that subchapter 3 is to be cumulative with any other eminent domain subchapter.
. . . .

That the Court is required to resolve every inference of law and fact which it may reasonably do, in favor of the landowner, and that the Court has done so in attempting to find some statutory basis for awarding attorney's fees in this case. However the court has not found such a statutory basis.

That in absence of any statutory authority for the award of attorney's fees, no award can legally be made.

Giles asserts that the circuit court erred, and contends that Ark. Code Ann. § 18-15-605(b) is applicable to his case and attorney's fees should be awarded. Relying on *City of Fort Smith v. Carter*, 364 Ark. 100, 216 S.W.3d 594 (2005) (*Carter I*) and *Combs Revocable Trust v. City of Russellville*, 2011 Ark. 186, Giles urges this court to reverse the circuit court. Giles contends that *Carter I* and *Combs* "make clear that the only relevant question in determining whether Ark. Code Ann. § 18-15-605(b) is applicable is whether the project in question is a waterworks project."

In *Carter I*, and *Combs*, 2011 Ark. 186, we addressed circumstances similar to the issue

presented in this case. In *Carter I*, property owners cross-appealed from an order denying their motion for attorney's fees pursuant to Ark. Code Ann. § 18-15-605(b) subsequent to the condemnation of their property by the City of Fort Smith. We reversed the circuit court and held that Ark. Code Ann. § 18-15-605(b) was applicable to Carter's case because a municipal corporation, the City of Fort Smith, sought condemnation pursuant to Ark. Code Ann. § 18-15-401. Because Ark. Code Ann. § 18-15-401(c)'s "cumulative" language, stating that the subchapter is cumulative to any other laws of eminent domain in favor of municipalities operating municipal-waterwork systems, we held that Ark. Code Ann. § 18-15-605(b) was applicable and allowed the award of attorney's fees.

In *Combs*, the property owners appealed the circuit court's denial of its motion for attorney's fees pursuant to Ark. Code Ann. § 18-15-605(b). We affirmed the circuit court and held that Ark. Code Ann. § 18-15-605(b) was not applicable because the City of Russellville exercised its eminent-domain power through §§ 18-15-301 to -307. Therefore, the mandatory attorney's fees statute, Ark. Code Ann. § 18-15-605(b), was not applicable. Further, in *Combs*, we noted that the City of Russellville could have exercised its eminent-domain powers through either §§ 18-15-301 to -307 or §§ 18-15-401 to -410, but, because the City pursued its action through § 18-15-301, attorney's fees were not available.

In reviewing *Carter I* and *Combs*, neither case supports Giles's position. First, *Carter I* is distinguishable from Giles's case because, in that case, the City of Fort Smith, a municipal corporation, pursued its eminent-domain action pursuant to § 18-15-401 et seq., which contains the cumulative language and allows for the application of Ark. Code Ann. § 18-15-

SLIP OPINION

605(b).

Second, *Combs* does not support Giles's argument. Although Giles asserts that we held that the only relevant question in determining whether Ark. Code Ann. § 18-15-605(b) is applicable is whether the project in question is a waterworks project, this assertion misconstrues our holding in that case. In *Combs*, due to the specific circumstances in that case we reviewed the purpose of the city's eminent-domain action to determine if the action fell within subchapter 3 or subchapter 4. We explained:

> [The City of Russellville] claims that the action was brought under the authority of Ark. Code Ann. §§ 18-15-201 to -202 and this authority to condemn was exercised only under subchapter 3, and not under subchapter 4. The public purpose of the condemnation was "to expand and improve Jimmy Lile Road [a public roadway] and to improve drainage and flood control in the area surrounding the public roadway[.]" Section 18-15-605(b) provides for an award of attorney's fees in cases when a jury determines that the condemning municipality deposited an amount that is less than the reasonable value of the land. *City of Fort Smith v. Carter*, 372 Ark. 93, 270 S.W.3d 822 (2008) (*Carter II*). However, in order for Ark. Code Ann. § 18-15-605(b) to apply, [the City of Russellville] must have based its underlying condemnation action upon the use of the city's power of eminent domain to expand its water-supply facilities advanced under subchapter 4. *See* Ark.Code Ann. § 18-15-401(c); *see also Carter II*, 372 Ark. at 96, 270 S.W.3d at 824.

*Combs*, 2011 Ark. 186, at 4.

We ultimately held that the City of Russellville exercised its power of eminent domain pursuant to subchapter 3 and attorney's fees were not available. We find Giles's case analogous to *Combs*. As was the case with *Combs*, even construing the eminent-domain statutes in favor of Giles, Ark. Code Ann. § 18-15-605(b) is not applicable to Giles's case because Ozark brought the action under subchapter 3 and attorney's fees are not available.

Accordingly, based on our interpretation of the statute in the discussion above and our

standard of review, we agree with the circuit court that Ark. Code Ann. § 18-15-605(b) is not applicable to Giles's case; therefore, the circuit court did not err. We affirm the circuit court.

Affirmed; court of appeals' opinion vacated.

*Moffitt & Phillips, PLLC*, by: *Brandon K. Moffitt* and *Michael Phillips*; and *Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for appellants.

*Martin Law Firm, P.A.*, by: *Thomas A. Martin*, for appellee.