

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-631

| | |
|---|---|
| | **Opinion Delivered** February 25, 2015 |
| CITY OF SILOAM SPRINGS<br>APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[No. CV-2011-2063-3] |
| V. | |
| LA-DE, LLC (S/K/A DE-LA, LLC),<br>LARRY MURUAGA and KATHY<br>MURUAGA, HUSBAND and WIFE,<br>ET AL. | HONORABLE THOMAS E. SMITH,<br>JUDGE |
| APPELLEES | REVERSED |

## LARRY D. VAUGHT, Judge

At the conclusion of this condemnation case, the Circuit Court of Benton County entered a judgment awarding attorney's fees to landowners, appellees Larry Muruaga, Kathy Muruaga, and La-De, LLC (s/k/a De-La, LLC) (collectively "the Muruagas"), against appellant, City of Siloam Springs, Arkansas ("the City"). On appeal, the City argues that the trial court erred as a matter of law in awarding attorney's fees against it in the absence of statutory authority. The City also argues that the trial court clearly erred in finding that it assumed state liability for attorney's fees. We agree with both points and reverse.

On September 1, 2011, the Arkansas State Highway Commission (ASHC) filed a complaint and a declaration of taking against the Muruagas, stating that it was taking title to the Muruagas' real property pursuant to its power of eminent domain under the authority of Arkansas Code Annotated sections 27-67-301 to -321 (Repl. 2010). In the declaration, the ASHC

stated that just compensation for the real property being condemned was $13,950, which was placed in the court's registry. An order of possession was entered on September 9, 2011, granting the ASHC the right of immediate possession of the property pursuant to sections 27-67-301 to -309. The Muruagas answered, claiming that they were entitled to just compensation for the condemned property in excess of the amount offered by the ASHC, and they requested a jury trial.

On June 8, 2012, an order substituting the City for ASHC was entered.[1] The order stated that the ASHC filed the condemnation action, the City should be substituted as the proper plaintiff, and the ASHC was dismissed from the action. The order directed the City to file an amended complaint setting forth its condemning authority. Finally, the order expressly stated that the Muruagas consented to the substitution of the City.

As directed, the City, on January 7, 2014, filed an amended complaint for condemnation and an order of immediate possession. The City alleged that it was authorized to proceed with condemnation under the authority granted to municipalities pursuant to Arkansas Code Annotated sections 18-15-301 to -309. The City sought immediate possession of the property and stated that compensation for the taking, $13,950, had been deposited in the court's registry.

The Muruagas answered the City's amended complaint. They admitted that the City was proceeding pursuant to sections 18-15-301 to -309. The Muruagas, however, denied that the amount of money in the court registry was just compensation for the taking.

---

[1]The order states that the City moved for the substitution of party; however, the motion is not in the record. The order further states that there was no objection to the entry of the order.

SLIP OPINION

A trial was held on February 20, 2014, and the jury rendered a verdict in favor of the Muruagas, finding that they were entitled to just compensation in the amount of $22,253. On February 28, 2014, the Muruagas filed a motion for attorney's fees pursuant to section 27-67-317(b).

On May 6, 2014, the trial court entered a judgment detailing the jury verdict and awarding the Muruagas attorney's fees. That same day, the trial court entered a separate order granting the Muruagas' motion for attorney's fees. The trial court found that pursuant to the authority and provisions of sections 27-67-301 to -321, the Muruagas' property was acquired by the ASHC and that the City affirmatively sought and received court approval to assume the ASHC's liability for just compensation owed.

The City's first argument on appeal is that section 27-67-317(b) cannot support the attorney's-fees award as a matter of law. Our standard of review for issues of statutory construction is well settled:

> We review issues of statutory construction de novo. We are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal. When reviewing issues of statutory interpretation, we keep in mind that the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. When a statute is clear, however, it is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used.

*City of Little Rock v. Carpenter*, 374 Ark. 511, 516–17, 288 S.W.3d 647, 651 (2008) (citing *Harris v. City of Fort Smith*, 366 Ark. 277, 280, 234 S.W.3d 875, 878 (2006)).

3

SLIP OPINION

Section 27-67-317(b) provides:

> If the compensation finally awarded exceeds the amount of money deposited by ten percent (10%) or more, the court shall enter judgment *against the State of Arkansas* and in favor of the party entitled thereto for the amount of the deficiency and shall award the party entitled to judgment its costs, expenses, and reasonable attorney's fees incurred in preparing and conducting the final hearing and adjudication, including without limitation the cost of appraisals and fees for experts.

Ark. Code Ann. § 27-67-317(b) (Supp. 2013) (emphasis added). The plain meaning of the language used in section 27-67-317(b) authorizes attorney's fees against the State of Arkansas. The language of this statute does not authorize attorney's fees against the City. Our supreme court has said that attorney's fees are not allowed except where expressly provided for by statute. *Harris*, 366 Ark. at 280, 234 S.W.3d at 878. Therefore, we hold that the trial court erred as matter of law in granting the Muruagas' motion for attorney's fees against the City based on section 27-67-317(b).

The City's second point on appeal is that the trial court clearly erred in finding that the City assumed ASHC's liability under sections 27-67-301 et seq.—including liability for attorney's fees authorized in section 27-67-317(b)—to the Muruagas. A decision to grant or deny a motion for attorney's fees will not be set aside absent an abuse of discretion by the trial court. *Ellis v. Ark. State Highway Comm'n*, 2010 Ark. 196, at 8, 363 S.W.3d 321, 326. While the decision to award attorney's fees and the amount awarded are reviewed under an abuse-of-discretion standard, we review factual findings by a trial court under a clearly erroneous standard of review. *Id.,* 363 S.W.3d at 326.

We agree that the trial court's finding that the City assumed the liabilities of the ASHC is clearly erroneous. There are no facts in this case supporting the trial court's conclusion that

the City assumed the liabilities of ASHC under sections 27-67-301 to -321. The City could not have and never stated that it was proceeding pursuant to state-condemnation authority authorized in sections 27-67-301 et seq. The order substituting the City for the ASHC as the plaintiff does not provide that the City assumed the liabilities of the ASHC. When the City subsequently filed its amended complaint, it averred that it was proceeding under the authority of a different statute—sections 18-15-301 to -309.[2] The City consistently and expressly stated that it was proceeding under the authority granted to municipalities in sections 18-15-301 et seq.

Significantly, the Muruagas, in their answer to the City's amended complaint, admitted the allegation that the City was proceeding under the municipal-condemnation authority found in sections 18-15-301 et seq. The Muruagas did not lodge any objection to the City proceeding under sections 18-15-301 to -309 until *after* the jury's verdict. These facts demonstrate that the Muruagas admitted and agreed to the City's position throughout the case—until they filed their posttrial motion for attorney's fees. Accordingly, we hold that the trial court clearly erred in finding that when the City was substituted as plaintiff for the ASHC, the City assumed the ASHC liabilities for attorney's fees pursuant to section 27-67-317(b).

Reversed.

HARRISON and WHITEAKER, JJ., agree.

*Harrington, Miller, Kieklak, Eichmann & Brown, P.A.*, by: *J. Greg Brown*, for appellant.

*Lisle Rutledge P.A.*, by: *Stephen Lisle*, for appellees.

---

[2]Under sections 18-15-301 et seq., a municipal corporation has the power and right of eminent domain. Ark. Code Ann. §§ 18-15-301 to -309 (Repl. 2003 & Supp. 2013). Section 18-15-307(a), which governs compensation for and possession of condemned property, does not authorize an award of attorney's fees. Ark. Code Ann. § 18-15-307(a) (Repl. 2003).