SLIP OPINION

Cite as 2015 Ark. 433

# SUPREME COURT OF ARKANSAS

No. CV-15-194

| | |
|---|---|
| CITY OF SILOAM SPRINGS, ARKANSAS<br><br>APPELLANT<br><br>V.<br><br><br>LA-DE, LLC (S/K/A DE-LA, LLC); LARRY MURUAGA AND KATHY MURUAGA, HUSBAND AND WIFE; DAN G. BARRON AND JULIE A. BARRON, MORTGAGEES; GLENN CHANEY, IN HIS OFFICIAL CAPACITY AS BENTON COUNTY TAX ASSESSOR; GLORIA SPRING PETERSON, IN HER OFFICIAL CAPACITY AS BENTON COUNTY TAX COLLECTOR; CERTAIN LANDS BEING 1,097 SQUARE FEET, MORE OR LESS IN BENTON COUNTY, AND ANY PERSONS OR ENTITIES CLAIMING AN INTEREST THEREIN<br>APPELLEES | **Opinion Delivered** November 19, 2015<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CV 2011-2063-3]<br><br>HONORABLE THOMAS SMITH, JUDGE<br><br><u>REVERSED AND REMANDED; COURT OF APPEALS OPINION VACATED</u>. |

**ROBIN F. WYNNE, Associate Justice**

The City of Siloam Springs (the City) appeals from an award of attorney's fees to appellees, La-De, LLC (s/k/a/ De-La, LLC), Larry Muruaga, and Kathy Muruaga (the Muruagas), in a judgment arising from a condemnation proceeding. The City argues that the trial court erred as a matter of law by awarding attorney's fees because it lacked statutory authority to do so, and that the trial court erred by finding that it had assumed state liability

for an award of fees. This appeal was initially heard by the Arkansas Court of Appeals, which issued an opinion reversing the order of the trial court awarding attorney's fees. *City of Siloam Springs v. La-De, LLC*, 2015 Ark. App. 130, 456 S.W.3d 787. The Muruagas petitioned this court for review, which was granted. Because the petition for review by this court was granted, our jurisdiction lies pursuant to Arkansas Supreme Court Rule 1–2(e) (2015). We reverse and remand the judgment of the trial court.

Originally, the Arkansas State Highway Commission (the Commission) filed a complaint and declaration of taking against appellees in 2011 under the authority granted in Arkansas Code Annotated sections 27-67-301 to -321. The trial court entered an order of possession on September 9, 2011, granting the Commission immediate possession of the property pursuant to the provisions of Arkansas Code Annotated sections 27-67-301 to -319. Appellees answered, claimed entitlement to just compensation, and requested a jury trial.

An order substituting the City in place of the Commission was entered on January 8, 2012. The City filed a second amended complaint for condemnation of land and order of immediate possession on January 7, 2014. The complaint stated that the City was seeking possession pursuant to Arkansas Code Annotated sections 18-15-301 et seq. The complaint further alleged that the amount of $13,950 would be just compensation for the taking and that this amount had been placed in the registry of the court. In their answer to the second amended complaint, appellees admitted that the City was proceeding under Title 18, but denied that $13,950 was just compensation.

Following a jury trial, the jury rendered a verdict in favor of appellees, finding that

SLIP OPINION

they were entitled to just compensation in the amount of $22,253. The Muruagas subsequently filed a motion for attorney's fees, in which they alleged that their property had been taken by the State of Arkansas through the Commission and that they were entitled to an attorney's fee pursuant to Arkansas Code Annotated section 27-67-317(b). The City responded and argued that appellees were not entitled to fees because the statutes that grant a city the right to exercise eminent domain do not allow for an award of fees. In response to the City's argument, the Muruagas alleged that the order of possession was the final order and that the order of possession was entered pursuant to the authority granted to the Commission under Title 27.

On May 6, 2014, the trial court entered a judgment in favor of the Muruagas in the amount of $22,253 and awarded attorney's fees, costs, and expenses in the amount of $17,549.44. That same day, the trial court entered a separate order granting the motion for attorney's fees and expenses and directing the City to pay the award contained in the judgment. In the order, the trial court found that the City had assumed the Commission's liability for just compensation and had relied on the order of possession granting title to the Commission. The trial court found that this established that the City was responsible for paying attorney's fees to appellees. This appeal followed.

The City first argues that the trial court erred in awarding a fee because the applicable statutes do not provide for a fee award. We review issues of statutory construction de novo. *Harris v. City of Fort Smith*, 366 Ark. 277, 280, 234 S.W.3d 875, 878 (2006). We are not bound by the trial court's decision; however, in the absence of a showing that the trial court

erred, its interpretation will be accepted as correct on appeal. *Id.* When reviewing issues of statutory interpretation, we keep in mind that the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *Id.* A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *Id.* When a statute is clear, however, it is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *Id.*

Attorney's fees are not allowed except where expressly provided for by statute. *Fluker v. Helena-W. Helena Pub. Sch. Dist.*, 2012 Ark. 327. The trial court awarded a fee pursuant to Arkansas Code Annotated section 27-67-317(b), which states,

> If the compensation finally awarded exceeds the amount of money deposited by ten percent (10%) or more, the court shall enter judgment against the *State of Arkansas* and in favor of the party entitled thereto for the amount of the deficiency and shall award the party entitled to judgment its costs, expenses, and reasonable attorney's fees incurred in preparing and conducting the final hearing and adjudication, including without limitation the cost of appraisals and fees for experts.

Ark. Code Ann. § 27-67-317(b) (Supp. 2015) (emphasis added). This section clearly allows for an award of a fee against the State of Arkansas. It does not allow for a fee to be assessed against any other entity. The City is not an entity of the State. Therefore, the statute does not allow for an award of fees against the City.

The City's second argument is that the trial court erred by finding that it had assumed the Commission's liability for a fee under Arkansas Code Annotated section 27-67-317(b) because it had been substituted as a party in place of the Commission and had relied on an order of possession entered in favor of the Commission. We review the decision to grant or deny a motion for attorney's fees under an abuse-of-discretion standard. *See Ellis v. Ark. State Highway Comm'n*, 2010 Ark. 196, 363 S.W.3d 321. Factual findings by a trial court are reviewed under a clearly erroneous standard. *See id.*

We agree with the City's argument. The City was substituted as a party, and the Commission was dismissed with the consent of appellees. After the substitution, the City filed a second amended complaint. In the second amended complaint, the City clearly proceeded under Title 18, subchapter 3—which governs the exercise of eminent domain by municipal corporations—for the condemnation. In their answer to the second amended complaint, appellees admitted that the City's condemnation authority is pursuant to Title 18, subchapter 3. The City did not utilize the State's authority in obtaining the judgment. It utilized its own authority under Title 18, subchapter 3. The order substituting the City and dismissing the Commission did just that; it did not order that the City accept the Commission's responsibilities, nor did the City indicate that it was doing so in the second amended complaint. The order also, instead of stating that the City was proceeding under the Commission's authority, directed the City to file an amended complaint setting forth its authority to condemn the property. Because the City proceeded solely under its own

authority, it did not assume the Commission's obligation to pay attorney's fees.[1] The finding by the trial court that the City relied on the order of possession granting title to the Commission is clearly erroneous, as the City averred in the second amended complaint, without a denial from the Muruagas, that it gained right of entry to the property by virtue of paying a deposit into the registry of the court pursuant to Arkansas Code Annotated section 18-15-303, not that it gained right of possession by virtue of the order of possession entered in favor of the Commission.[2] While the Muruagas argue, in the context of their contention that the City was exercising the Commission's authority, that title to the property vested in the Commission upon payment of the deposit into the registry of the court pursuant to Arkansas Code Annotated section 27-67-315 (Repl. 2010), title to the property is not at issue in this appeal, nor is the issue of whether the Commission could have legally withdrawn from the proceeding when it did. Whether appellees are entitled to an attorney's fee paid by the City is the sole issue on appeal. The Muruagas did not object to the dismissal of the Commission from the action, nor have they ever challenged the validity of the judgment awarding title of the property to the City.

Because there is no statutory authority for an award of attorney's fees against a

---

[1]We note that the dissent, in attempting to demonstrate that the City is responsible for the Commission's obligations, relies on an agency argument that was not made or ruled on below, nor was it made on appeal. It is axiomatic that this court will not make appellees' argument for them. *See Bailey v. Martin*, 2014 Ark. 213, 433 S.W.3d 904.

[2]Although the City, in the second amended complaint, referenced the order of possession and averred that it was still in effect, it gave no indication in the complaint that it was acting under the order of possession. Nor, as explained above, is the order of possession necessary for the City to enter the property.

SLIP OPINION

municipality in a condemnation proceeding, and because the City proceeded under its authority as a municipality in exercising eminent domain over the property, the judgment is reversed and remanded for entry of an order consistent with this opinion.

Reversed and remanded; court of appeals opinion vacated.

BAKER and HART, JJ., dissent.

**JOSEPHINE LINKER HART, Justice, dissenting.** I respectfully dissent. The majority has omitted from its opinion key facts that are essential to a full understanding of the case. The Arkansas State Highway Commission (ASHC) brought the condemnation action in its name pursuant to a written agreement it had entered into with the City of Siloam Springs (the City). Title to the condemned property vested in ASHC by the declaration of taking and order of possession prior to its being dismissed from the lawsuit. While the amended complaint that the City subsequently filed asserted different statutory authority for the taking than had been asserted by ASHC, the only issues remaining to be tried at that time were the adequacy of the compensation for the taking and the entitlement to, and amount of, attorney's fees.

The case involves land located in the Siloam Springs Historic District. Acquisition of the property was deemed necessary for a project to replace the bridge on University Street. On April 14, 2009, ASHC and the City concluded an "Agreement of Understanding" setting forth the relative responsibilities in obtaining federal funding under a program called the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users (Legacy for Users program). It provided that the bridge replacement was to be paid for by 80% federal

funds and 20% non-federal monies. In the agreement, ASHC committed to administering the federal money, preparing plans and specifications, and "[w]hen requested, provide the necessary services relative to right-of-way acquisition, appraisal, relocation, and utility adjustments and will be reimbursed for costs involved in performing these services."

In accordance with its agreement with the City, on September 1, 2011, ASHC filed a complaint and a declaration of taking against the Muruagas, stating that it was taking title to the Muruagas' real property pursuant to Arkansas Code Annotated sections 27-67-301 to -321 (Repl. 2010). The declaration stated that just compensation for the condemned real property was $13,950, and ASHC had deposited that amount into the registry of the court. On September 9, 2011, title vested in ASHC when it received an order of possession from the circuit court. The Muruagas subsequently answered ASHC's complaint, essentially asserting that the compensation offered by ASHC was inadequate.

On December 6, 2011, the City passed a resolution to reimburse ASHC for its filing fee and the money that it had deposited into the registry of the court. Subsequently, on June 8, 2012, the circuit court granted a motion substituting the City for ASHC. The order stated that while ASHC had filed the condemnation action, the City should be substituted as the proper plaintiff. ASHC was dismissed from the case. The order further directed the City to file an amended complaint setting forth its statutory authority to condemn the property. The order also recited that the Muruagas had consented to the entry of the order.

The amended complaint asserted that the City was authorized to proceed with condemnation under the authority granted to municipalities pursuant to Arkansas Code

Annotated sections 18-15-301 to -309 (Repl. 2003). As ASHC had in the original complaint, the City claimed that it was seeking immediate possession of the property and recited that just compensation for the taking, $13,950, had been deposited in the registry of the court. The Muruagas answered, and they admitted that the City was proceeding pursuant to sections 18-15-301 to -309. As they did in the original complaint, the Muruagas asserted that the compensation was inadequate. Despite the assertion in the complaint that the City was acting in accordance with sections 18-15-301 to -309, there is no evidence in the record that the City complied with the formalities required by the statute. Moreover, the City acknowledges in the argument section of its brief that it did not undertake these formalities.

After a February 20, 2014 jury trial in which the Muruagas were awarded $22,253, the Muruagas filed a petition for attorney's fees. In justifying their request for $15,742.25 in fees, the Muruagas cited as statutory authority Arkansas Code Annotated section 27-67-317(b). The circuit court acknowledged that the Muruagas' decision to litigate would have been based on their expectation that they would recover attorney's fees because ASHC initiated the action. The circuit court granted the fee petition, finding that the fee award was proper pursuant to sections 27-67-301 to -321. It also found that ASHC had originally acquired the Muruagas' property and that the City had "affirmatively sought and received court approval to assume the ASHC's liability for just compensation owed in this case which was pending determination under Ark. Code Ann. §§ 27-67-301 to -321."

From the inception, pursuant to the above-referenced agreement of understanding, ASHC was acting as the City's agent in securing funding under the Legacy for Users program.

Acting as the City's agent, ASHC took the necessary steps to appraise and acquire the right-of-way for the bridge project. Significantly, the agreement obligated the City to indemnify ASHC for the costs of performing this service. This necessarily included indemnification for the potential liability for attorney's fees under section 27-67-317(b), which did indeed manifest in this case.

The fact that the City relieved its agent of further responsibility in the lawsuit does not change the fact that the land had already been condemned and that title to the property had already vested in ASHC pursuant to Arkansas Code Annotated sections 27-67-301 to –321. Arkansas Code Annotated section 27-67-315 states,

> Immediately upon the making of the deposit provided for in § 27-67-314, title to the lands in fee simple, or a conditional fee if mineral rights are sought to be preserved to the property owner, or a lesser estate or interest therein as is specified in the declaration, shall vest in the persons entitled thereto.

Accordingly, even though the City asserted that it was condemning the real property pursuant to Arkansas Code Annotated sections 18-15-301 to –309, it could not accomplish this task because the Muruagas no longer had legal title to or possession of, the property. Purporting to invoke in its pleadings the eminent-domain authority vested in the City by sections 18-15-301 to –309 does not mean that ownership of the real property was restored to the Muruagas, that the "just compensation" was calculated anew, that the process of taking the property had started over with all attendant formalities required by section 18-15-303, or that the litigation expenses—indeed the very decision to litigate—had not already accrued. The substitution of the City as the real party in interest was nothing more than a discharge of the City's agent.

The liabilities that the agent incurred on the City's behalf remained. The City was bound by the actions of its agent performed within the scope of its authority. *Nat'l Union Fire Ins. Co. v. Sch. Dist. No. 55*, 122 Ark. 179, 182 S.W. 547 (1916). Accordingly, the City was responsible for the attorney's fees that the circuit court awarded under section 27-67-317(b).

It is important to note that the City concedes that it did not get substituted into the case until the order of possession had been entered but asserts that the Muruagas did not argue that the City had failed to properly obtain an order of possession under sections 18-15-301 to -309. The majority accepts this argument without scrutiny.

However, when the City filed its amended complaint, title had already vested in ASHC. The Muruagas, therefore, did not have standing to contest the taking of title to the property because they no longer had an interest in the land. The amount of compensation that they were entitled to, however, remained a live issue. The City—alone or through its agent—was still responsible for the compensation and attorney's fees.

In awarding attorney's fees, the circuit court did not abuse its discretion. While I am mindful that I suggest a slightly different rationale for affirming the circuit court, it has long been our stated practice to affirm the circuit court if it reaches the right result for any reason. *See, e.g.*, *Hurt-Hoover Invs., LLC v. Fulmer*, 2014 Ark. 461, 448 S.W.3d 696.

BAKER, J., joins.

*Harrington, Miller, Kieklak, Eichmann & Brown, P.A.*, by: *J. Greg Brown*, for appellant.

*Lisle Rutledge P.A.*, by: *Stephen Lisle*, for appellees.