ROBIN F. WYNNE, Associate Justice hThe City of Siloam Springs (the City) appeals from an award of attorney’s fees to appellees, La-De, LLC (s/k/a/ De-La, LLC), Larry Muruaga, and Kathy Murua-ga (the Muruagas), in a judgment arising from a condemnation proceeding. The City argues that the trial court erred as a matter of law by awarding attorney’s fees because it lacked statutory authority to do so, and that the trial court erred by finding that it had assumed state liability 12for an award of fees. This appeal was initially heard by the Arkansas Court of Appeals, which issued an opinion reversing the order of the trial court awarding attorney’s fees. City of Siloam Springs v. La-De, LLC, 2015 Ark. App. 130, 456 S.W.3d 787. The Muruagas petitioned this court for review, which was granted. Because the petition for review by this court was granted, our jurisdiction lies pursuant to Arkansas Supreme Court Rule l-2(e) (2015). We reverse and remand the judgment of the trial court. Originally, the Arkansas State Highway Commission (the Commission) filed a complaint and declaration of taking against appellees in 2011 under the authority granted in Arkansas Code Annotated sections 27-67-301 to -321. The trial court entered an order of possession on September 9, 2011,' granting the Commission immediate possession of the property pursuant to the provisions of Arkansas Code' Annotated sections* 27-67-301 to -319. Appellees answered, claimed entitlement to just compensation, and requested a jury trial. An order substituting the City in place of the Commission was entered on January 8, 2012. The City filed a second amended complaint for condemnation of land and order of immediate possession on January 7, 2014. The complaint stated that the City was seeking possession pursuant to Arkansas Code Annotated sections 18-15-301 et seq. The complaint further alleged that the amount of $13,950 would be just compensation for the taking and that this amount had been placed in the registry of the court. In their answer to the second amended complaint, appellees admitted that the City was proceeding under Title 18, but denied that $13,950 was just compensation. Following a jury trial, the jury rendered a verdict in favor of appellees, finding that Isthey were entitled to just compensation in the amount of $22,253. The Muruagas subsequently filed a motion for attorney’s fees, in which they alleged that their property had been taken by the State of Arkansas through the Commission and that they were entitled to an attorney’s fee pursuant to Arkansas Code Annotated section 27-67-317(b)... The City responded and argued that appellees were not entitled, to fees because the statutes that grant a city the right to exercise eminent domain do- not, allow, for an award of fees. In response to the City’s argument, the Mu-ruagas alleged that the order of possession was the final order and. that the ‘.order of possession was entered. ■ pursuant to the authority granted to theCommission under Title-27. On May 6, 2014, the trial court entered a judgment in favor of the Muruagas in the amount of $22,253 and awarded attorney’s fees,.costs, and expenses in the amount of $17,549.44. That same day, the trial court entered a separate order granting the motion for attorney’s fees and expenses and directing the City to pay the award contained in the judgment. In the order, the trial court found that- the City had assumed the Commission’s liability for just compensation and had relied on the order of possession granting title to the Commission. . The trial court found that this established that the City was responsible for paying attorney’s fees to appellees, This appeal followed. The City first argues that the trial court erred in awarding a fee because the applicable statutes do not provide for a fee award. We review issues of statutory construction de novo. Harris v. City of Fort Smith, 366 Ark. 277, 280, 234 S.W.3d 875, 878 (2006). We are not bound by the trial court’s decision; however, in the absence of a showing that the trial court 14erred, its interpretation will be accepted as correct on appeal. Id. When reviewing issues of statutory interpretation, we keep in mind that the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. Id. "When the language of a statute ’ is plain and unambiguous, there is no need to resort to rules of statutory construction. Id. A statute is ambiguous only'where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain' as to its meaning. Id. When a statute is clear, however, it-is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. Id. Attorney’s fees are not allowed except where expressly provided for by statute. Fluker v. Helena-W. Helena Pub. Sch. Dist., 2012 Ark. 327, 2012 WL 4017402. The trial court awarded a fee pursuant to Arkansas Code Annotated section 27-67-317(b), which states, If the compensation finally awarded exceeds the amount of money deposited by ten percent (10%) op more, the court shall enter judgment against the State of Arkansas and in favor of the party entitled thereto for the amount of the deficiency and shall award the party entitled to judgment its costs, expenses, and reasonable attorney’s fees incurred in preparing and conducting the final hearing and adjudication, including without limitation the cost of appraisals and fees for experts. Ark.Code Ann. § 27-67-317(b) (Supp. 2015) (emphasis added). This section clearly allows for an award of a fee against the State of Arkansas. It does, not allow for a- fee to be assessed against- any other entity. The City is not an entity of the State.: Therefore, the statute does not allow for an award of fees against the City. | sThe City’s second argument is that the trial court erred by finding that it had assumed the Commission’s liability for a fee under Arkansas Code Annotated section 27-67-317(b) because it had been substituted as a party in place of the Commission and had relied on an order of possession éntered in favor of the Commission. We review the decision to grant or deny a motion for attorney’s fees under an abüse-of-discrétion standard. See Ellis v. Ark. State Highway Comm’n, 2010 Ark. 196, 363 S.W.3d 321. Factual- findings by a trial court are -reviewed under a clearly erroneous standard. See id. We agree with the City’s argument. The City was substituted as a party,. and the- Commission was dismissed with the consent of appellees. After the substitution, the City filed a second amended complaint. In the second amended complaint, the City clearly proceeded under Title 18, subchapter 8— which governs the exercise of eminent domain by municipal corporations — for the condemnation. In their answer to the sec-, ond amended complaint, appellees admitted that the City’s condemnation authority is pursuant to Title 18, subchapter 3. The City did not utilize the State’s authority in obtaining the judgment. It utilized its own authority under Title 18, subchapter 3. The order substituting the City and dismissing the Commission did just that; it did not order that the City accept the Commission’s responsibilities, nor did the City indicate that it was doing so in the second amended complaint. The order also, instead of stating that the City was proceeding under the Commission’s authority, directed the City to file an amended complaint setting forth its authority to condemn the property. Because the City proceeded solely under' its own | ^authority, it did not assume the Commission’s obligation to pay attorney’s fees.[1] The finding by the trial court that the City relied on the order of possession granting title to the Commission is clearly erroneous, as the City averred in the second amended complaint, without a denial from the M4-ruagas, that it gained right of entry to the property by virtue of paying a deposit into the registry of the court pursuant to 'Arkansas Code Annotated section 18-15-303, not that it gained right of possession by virtue of the order of possession entered in favor of the Commission.[2] While the Mu-ruagas argue, in the context of. their- contention that the City was exercising the Commission’s .authority, that title to the property vested in the Commission upon payment of the deposit into the registry of the court pursuant to Arkansas Code Annotated section 27-67-315 (Repl. 2010), title to the property is not at issue in this appeal, nor is the issue of whether the Commission could have legally withdrawn from the proceeding when it did. Whether appellees are entitled to an attorney’s fee paid by the City is the sole issue on appeal. The Muruagas did not object to the dismissal of the.Commission from the action, nor have they ever challenged the validity of the judgment awarding title of the property to the City. Because there is no statutory authority for an award of attorney’s fees against a ^municipality in a condemnation proceeding, and because the City proceeded under its authority as a municipality in exercising eminent domain over the property, the judgment is reversed and remanded for entry of an order consistent with this opinion., Reversed and remanded; court of appeals opinion vacated. Baker and Hart, JJ., dissent. . We note that the dissent, in attempting to demonstrate that the City is responsible for the Commission’s obligations, relies on an agency argument that was not made or ruled on below, nor was it made on appeal. It is axiomatic that this court will not make appel-lees’ argument for them. See Bailey v. Martin, 2014 Ark. 213, 433 S.W.3d 904. . Although the City, in the second amended complaint, referenced the order of possession and averred that it was still in effect, it gave no indication in the complaint that it was acting under the order of possession. Nor, as explained above, is the order of possession necessary for. the City to enter the property.